[St. Louis & S. F. R. R. Co. v. Savage.]

# St. Louis &. S. F. R. R. Co. *v.* Savage.

## *Injury to Passenger.*

(Decided May 24, 1909. Rehearing denied June 30, 1909.—50 South. 113.)

1. *Damages; Evidence.*—Where the action is for personal injuries it is competent to receive evidence of plaintiff's physical condition within a reasonable time prior and subsequent to the injury, and that since the accident plaintiff had done no work, and could do none.

2. *Same.*—Where the action was for personal injuries, evidence that plaintiff suffered loss of weight, that he suffered pain at the time of the injury up to the time of the trial as he had not suffered before, and that he suffered from insomnia, was admissible.

3. *Same.*—Where the question to the witness was not limited to a time somewhere near the date of the injury, evidence as to whether a physician had seen a chancre on plaintiff's person, was properly excluded.

4. *Same.*—It was not error to refuse to permit a physician to be asked whether plaintiff was a hard drinker or not, when at that time, there was no evidence that the injuries complained of might have resulted from drink, and it did not appear as to what time, the question related, although the later developments of the case were such as to render the desired testimony admissible as accounting for plaintiff's symptoms at the time of witness's visit to him, if the question was intended to relate to that time.

5. *Same; Jury Question.*—The weight of the evidence as to impairment of plaintiff's eyesight after the accident was, in connection with all the other evidence, a question to be determined by the jury.

6. *Evidence; Expert Testimony.*—An expert professional witness may testify as to the cause of the impaired physical condition of plaintiff, subsequent to the accident, in which his alleged injuries occurred.

7. *Same; Opinion Evidence.*—In an action for injury to a passenger in a wreck caused by the train running at a dangerous rate of speed, the defendant is not entitled to an answer from the engineer to a question as to whether he could have stopped at a public crossing, since it called for a conclusion, and not a shorthand rendering of collective facts.

88. *Same; Judicial Knowledge; Effects of Disease.*—That a nervous condition is a characteristic of injury or disease, is not a matter of judicial knowledge.

9. *Same; Hearsay.*—Whether or not a physician had told plaintiff that if he did not stop drinking, it would render him insane, is hearsay.

10. *Appeal and Error; Waiver.*—Assignments of error not insisted on in brief or argument of counsel are waived.

11. *Carriers; Injury to Passengers; Burden of Proof.*—Where a plaintiff shows an injury caused by a wreck of defendant's train while he was a passenger thereon, or at least offers evidence which made it necessary to consider his injury under such circumstances as one hypothesis of the case the proving of that hypothesis casts upon the defendant the burden of showing reasonably that the wreck was not due to negligence on the part of the defendant.

12. *Same; Rate of Speed.*—With respect to the safety of passengers the rate of speed at which a train was going may be dangerous and negligent per se.

13. *Same; Evidence.*—Where the action was for injuries to a passenger caused by a wreck, it was competent to show that the train was behind time as having a tendency to show that it was being operated at an unusual and immoderate rate of speed.

14. *Same.*—As to whether or not an engineer could have stopped the train at a public crossing called for involved facts and purposes foreign to the issue where the action was for personal injury received in a wreck of a passenger train.

15. *Witnesses; Competency.*—A plaintiff may testify in his own behalf as to his physical condition within a reasonable time prior and subsequent to the accident causing his injury, that he had done no work since, and could do none.

16. *Same; Examination; Responsiveness of Answer.*—An answer to a question as to what caused a railroad wreck, that "it was fast running is all that I could account for it" is not irresponsive.

17. *Same; Leading Question.*—The allowing of a leading question is within the sound discretion of the court, and not revisable unless abused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by John J. Savage, a passenger, against the St. Louis & San Francisco Railroad Company, for injuries received in a wreck. Judgment for plaintiff and defendant appeals. Affirmed.

CAMPBELL & JOHNSTON, for appellant.—Counsel discuss the assignments of error relative to evidence, but without citation of authority. They insist that the court erred in refusing charges requested by appellant, and cite in support thereof.—*Tinney v. C. of Ga. Co.*, 129 Ala. 523; *Western Ry. Co. v. Sistrunk*, 90 Ala. 32; *E. T. V. & G. v. Beaver*, 79 Ala. 216.

[St. Louis & S. F. R. R. Co. v. Savage.]

GASTON & PETTUS, for appellee.—The rule res ipsa loquitur applies, and the burden is on the defendant to exempt itself of negligence.—*A. G. S. v. Hill,* 93 Ala. 513; *M. & E. R. R. Co. v. Mallett,* 92 Ala. 209; *L. & N. v. Jones,* 83 Ala. 376. Many of the assignments of error mentioned in the appellant's brief are not sufficiently urged to secure their consideration by this court.—*Williams v. Spraggins,* 102 Ala. 424; *Hodges v. Rambo,* 45 South. 678. The court did not err in admissions of evidence relative to the physical condition prior and subsequent to the accident.—*A. G. S. v. Hill, supra;* 7 Ency. of Evi. 395-398; 383-385; 21 Am. St. Rep. 169; *S. & N. v. McLendon,* 63 Ala. 266. A non-expert may testify as to the rate of speed a train is moving.—112 Ala. 426. On these authorities the court did not err in the admission of testimony. Counsel discuss charges refused, but without citation of authority.

SAYRE, J.—Plaintiff sued to recover damages for bodily injuries sustained by him while a passenger in the wreck of a train operated by the defendant. As tending to support the allegation that plaintiff was injured, and showing the extent and character of his injuries, it was proper to receive evidence of his physical condition within a reasonable time prior and subsequent to the injury, that he suffered loss of weight, that he suffered pain at the time and down to the time of the trial such as he had not suffered before, and insomnia, and had done no work since, and had been able to do none, and to all of these things it was competent for the plaintiff to testify as a witness in his own behalf, and the opinion of expert professional witnesses as to the cause of his subsequent condition might be received.—*Alabama G. S. R. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65;

*South & N. A. R. R. Co. v. McClendon*, 63 Ala. 266. This disposes of the assignments of error numbered 1, 2, 3, 10, 11, 12, 13, 14, 15, 16. 17, 18, 19, 20, 21, 22, 23, 24, 25, 28, and 30.

A witness having been asked without objection to state what caused the wreck answered: "I believe fast running is all I could account for it, the wreck." Defendant moved to exclude "it was fast running is all I could account for it" on the ground that it was not responsive, Whatever may have been the tenable objections to the answer as evidence, that part of it to which the objection was addressed was not open to the particular objection assigned, and there was no error in overruling the motion to exclude. The assignment of particular objection was a waiver of all others.—*Jaques v. Horton*, 76 Ala. 238; *Floyd v. State*, 82 Ala. 16, 2 South. 683.

Two counts set out general charges of negligence on the part of the agents or servants of the defendant operating the train. Plaintiff was permitted to show that the train was not running on time—was behind. We cannot say that the fact that the train was late did not have a tendency to show that it was being operated at an unusual and immoderate rate of speed. There is natural tendency to haste when late, and while it is generally stated that no mere rate of speed constitutes per se negligence, this rule is in most cases formulated for the purpose of cases in which persons or animals are injured by coming on the track.—*East T. V. & G. R. R. v. Deaver*, 79 Ala. 216. "Railway companies being engaged in the business of conveying passengers and property, and that business being regarded of the highest importance, the speed of trains may be regulated with that end in view." 3 Elliott on R. R. § 1204. "There may, however, be particular circumstances involved in the particular case which might justify the conclusion that there

was negligence in running at a high rate of speed." 4 Elliott, R. R. § 1589. Certainly with respect to the safe ty of passengers carried upon the train it cannot be denied that a rate of speed may be excessive, dangerous and negligent. But no parity of reason requires that defendant should have been allowed to have answers to its questions propounded to the engineer in charge of the train as follows: "State whether or not you had your train under control to stop at the public crossing? State whether or not you could have stopped at the public crossing? State whether or not you were running at a rate of speed at which you could have stopped your train at the public crossing?" The witness had testified that the train was running at a rate of about 30 miles an hour. The conclusions which these questions called for were not permissible shorthand renderings of relevant collective facts, but involved, not only the rate of speed of the train, but other facts and purposes which were wholly foreign to any issue of the case.

On the cross-examination of Dr. C. B. Bibb, the defendant asked him whether he had ever seen sores on the plaintiff, and again whether he had ever seen a chancre on any part of the plaintiff's person. On objection made, the court refused to permit these questions unless they were so framed as to relate to a time somewhere near the date of plaintiff's injury. It would greatly retard the trial of causes of the sort and add nothing to their proper solution if parties were allowed to inquire into every ailment from which plaintiff may have suffered, no matter how remote. Evidence of the kind to come within the requirement of materiality must be so nearly related to the point of time of the injury complained of as to afford an inference of appreciable weight that the accident did not effect a change in the physical condi-

tion of the plaintiff. These questions are urged on the theory that a disease of the nature indicated is permanent in its effects, and so might account for plaintiff's nervous condition subsequent to the accident. But we cannot judicially know, as counsel seems to suppose, this characteristic of the disease intimated. We are of opinion that the questions were properly limited by the trial court. So also in respect to assignments of error 7 and 8 which are based upon the court's refusal to allow the defendant to ask whether plaintiff was a drinking man, and whether or not he was a hard drinker. At the stage of the trial at which these questions were asked there had been no evidence tending to show that the injuries of which the plaintiff complained might have resulted from drink, nor are we able to determine from the record the period of time to which they relate. Under these circumstances, we are not disposed to put the trial court in error, although later developments in the trial of the cause were such as to render the desired testimony admissible as accounting for plaintiff's symptoms at the time of his visit to this witness, if the question was intended to relate to that time.

The court committed no error in sustaining plaintiff's objection to defendant's question propounded to plaintiff as follows: "Is it not a fact that Dr. Young told you that, if you did not stop drinking, it might make you insane?" Of course, the fact that plaintiff was drinking or a drinking man could not be proved by Dr. Young's unsworn statement; nor was it competent in the way of contradiction, for he had sworn to nothing to the contrary nor had he been interrogated in reference to the statement supposed to have been made by him.

Defendant objected to the question which is made the subject of the twenty-seventh assignment of error on the ground that it was leading and suggestive. It was with-

in the discretion of the court to allow a leading question.—*Blevins v. Pope,* 7 Ala. 371; *Sayre v. Durwood,* 35 Ala. 247.

There was testimony that among the other troubles alleged to have been suffered by plaintiff subsequent to the wreck his eyesight had become bad—worse than it had been before. However weak and inconclusive this evidence may have appeared to the jury, it was for them to determine its weight in connection with all the evidence. Charges 1, 8, 9, and 10, requested by the defendant, were therefore properly refused.

The plaintiff having shown an injury caused by the wreck of defendant's train while he was a passenger thereon, or at least having offered evidence which made it necessary to consider his injury under such circumstances as one hypothesis of the case, that hypothesis proven, cast upon the defendant the burden of reasonably satisfying the jury that the wreck was not due to negligence on the part of the defendant.—*Ala. G. S. R. R. Co. v. Hill, supra.* The jury were at liberty under the evidence to refer the injury to either of the causes stated in the complaint, and the general affirmative charges, on the whole case, and upon separate counts, were properly refused.

Other assignments of error are not insisted upon in argument in such way as to demand consideration.—*Hodge v. Rambow,* 155 Ala. 175, 45 South. 678. They have, however, been considered, and no reversible error found.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.