105 So.2d 871

Alice McCOMBS

v.

WEST END BAPTIST HOSPITAL.

6 Div. 85.

Supreme Court of Alabama.

Oct. 16, 1958.

Rogers, Howard & Redden, Birmingham, for appellant.

Bowers, Dixon, Dunn & McDowell, and Evans Dunn, Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal by the plaintiff from a judgment of the circuit court of Jefferson County granting defendant's motion for a new trial in a personal injury action.

A jury verdict was returned in favor of plaintiff. One of the grounds of defendant's motion for new trial was that the verdict was excessive. It was on this ground that the trial court granted the motion, after plaintiff's refusal to agree to a remittitur which the trial court stated as a condition to denial of the motion.

The sole question presented for our consideration is whether the granting of the motion for new trial on the ground of excessiveness of the verdict was error to reverse.

This court, speaking through Mr. Justice Bouldin, had this to say in Yarbrough v. Mallory, 225 Ala. 579, 582, 144 So. 447, 449 viz.:

"The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. In the one case the inquiry is directed to one feature of the verdict; the damages awarded."

In other words, when reviewing the trial court's action in granting a new trial on the ground of excessiveness of the jury's verdict, as in the instant case, the same rule of review is applicable as when a motion is granted with respect to the *right of recovery* on the ground that such right is "not supported by the evidence, or because opposed to the clear and convincing weight of the evidence." See Kent v. Lindsey, 30 Ala.App. 582, 583, 10 So.2d 54.

As said in Parker v. Hayes Lumber Co., 221 Ala. 73, 74, 127 So. 504:

" * * * The evidence in this case was in conflict, as we have said, but, if the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new

trial. On appeal this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict' (Cobb v. Malone, 92 Ala. 630, 9 So. 738), meaning, as we think, that this court will not reverse in such case, *unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error. * * *"* [Emphasis supplied.]

Also see: German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211.

The rule is thus stated in Taylor v. Brownell-O'Hear Pontiac Company, 265 Ala. 468, 470, 91 So.2d 828, 829:

"It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error. German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Lassetter v. King, 33 Ala.App. 204, 31 So.2d 586, certiorari denied 249 Ala. 422, 31 So.2d 588."

We have carefully considered all of the evidence, and particularly that bearing on the nature of the injuries received by the plaintiff, and are unable to say that it "plainly and palpably shows that the trial court was in error" in granting the new trial on the ground of excessiveness of the verdict. We have refrained from discussing the evidence "for fear its consideration on another trial may be prejudiced, however careful the language of discussion." Parker v. Hayes Lumber Co. [221 Ala. 73, 127 So. 505], supra; Frost v. Johnson, 256 Ala. 383, 386–387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, supra. The judgment appealed from must be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.