264 So.2d 191

**Juanita BOLES**

**v.**

**Martha L. STEEL and Minnie H. White.**

**4 Div. 43.**

Court of Civil Appeals of Alabama.

Jan. 26, 1972.

Rehearing Denied March 8, 1972.

Albrittons & Rankin, Powell & Sikes, Andalusia, for appellees.

Tipler, Fuller & Melton, Andalusia, for appellant.

WRIGHT, Judge.

This case comes on appeal from a ruling of the trial judge on a post judgment motion made to enter satisfaction of the judgment.

The events out of which this matter arose are as follows: Plaintiff below, Juanita Boles, brought suit for injury arising out of an automobile accident against defendants, Steel and White. Upon jury trial joint verdict was against both defendants in the sum of $4500. Judgment was entered thereon. Within thirty days of the entry of judgment, defendants' insurer, State Farm Mutual Automobile Insurance Company paid into court the sum of $3780, together with costs of court. Attorneys for plaintiff received the amount paid from the court and entered on the record receipt of said sum and noted it as partial settlement of the judgment. Defendants then filed a motion for the court to enter satisfaction of the judgment. The motion was set for hearing. The facts upon which the motion was founded were stipulated at the hearing.

Such facts were that the defendants were both insured by State Farm. After the accident and prior to suit, State Farm paid to plaintiff in two payments the sum of $720. These are termed advance payments. Plaintiff endorsed the drafts and received the money therefrom. In receiving the money, she executed the following agreement:

"RECEIPT FOR EXPENSE ADVANCE
This is not a Release

"Keep a copy of this receipt in your 'Customized Service' folder. It is your record of the total amount we have paid to date. This amount is to be credited to any final settlement or to the amount payable under our policy for any judgment which you may obtain as a result of your accident on 5-7-70 at Opp, Ala.

| | |
|---|---|
| "Amount paid previously | $450.00 |
| "Items paid at this time: | |
| "Lost Wages 3 wks. @ 90.00 per Wk. | $270.00 |
| "Total paid to date | $720.00 |
| "/s/ Juanita Boles | (SEAL) |
| "/s/ Lynn H. Boles | (SEAL) |

" X State Farm Mutual Automobile Insurance Company
"    State Farm Fire and Casualty Company
"    State Farm County Mutual Insurance Company of Texas
"    State Farm General Insurance Company
"/s/ Benny B. Barrow
    Authorized Representative"

The agreement, together with copies of the two policies issued by State Farm to the defendants were offered in evidence. There was objection to each of these exhibits by plaintiff. The objections were overruled. The record of the trial was abridged by agreement and all pleadings were introduced into evidence by plaintiff. It was stated that the purpose of introducing the pleadings in the case was to show that there had been no plea of set-off and recoupment by the defendants.

The court entered judgment granting the motion and directed the clerk to enter a satisfaction of the judgment. This appeal is from the judgment on the motion.

■ The matter to be determined is whether a defendant in a tort action may, through means of a post judgment motion for satisfaction of the judgment, be given credit on the judgment against him for advance payments made to the plaintiff by defendants' liability insurance carrier, when such advance payments were accepted by the plaintiff on condition that such payments would be credited against any final settlement or judgment obtained resulting from a particular accident with the insured defendants. This is a question of first impression in this State and precisely the same question appears to have previously arisen in only one other state. It is appellant's contention that such action is contrary to certain procedural rules of pleading in Alabama.

Appellant first categorizes the action of the trial court in entering its judgment on the motion as a summary proceeding. Appellant further states there cannot be found a statute which permits such summary judgment in derogation of the common law. To the contrary, there is a statute which we think is applicable to the matter at hand. That statute is Title 13, Section 128, Code of Alabama 1940, as implemented by Title 7, Sections 568–573. The provisions of Title 7, Section 573 provides the answer to appellant's proposition that the action of the trial court on a motion to enter satisfaction of a judgment is a summary action. Section 573 provides for a

jury trial to try issues of fact. In the instant case, the facts necessary to establish the right to satisfaction were stipulated and a trial of such issues by jury was unnecessary. Appellant's objection was to the substantive right of the movants to the relief under the motion, not upon any issue of fact.

It is contended by appellant that the basis of the motion is a matter of set-off or recoupment as an unadjudicated claim, and such could only be presented in the action as provided by Title 7, Sections 358 and 359. We cannot agree that the advance payment was properly a matter of set-off. The payment made under the terms of the agreement executed by appellant was not to become a charge against her until there had been a settlement of her claim or a judgment rendered growing out of her accident. Had there been no settlement or judgment, she would not have had to account to anyone for the $720. There was no claim against her until these conditions had been fulfilled. There is the further question which may be considered, as to whether the payment is a matter subject to set-off or is to be considered as a payment on a debt or claim. Payment is not a matter of set-off, but is a matter of defense under a plea of payment. St. Louis & Tenn. River Packet Co. v. McPeters, 124 Ala. 451, 27 So. 518; Life & Cas. Ins. Co. v. Bell, 235 Ala. 548, 180 So. 573. For set-off there must be mutual debts, subsisting between the parties at the commencement of the suit. Title 7, Section 350, Code of Alabama 1940.

We do observe, as was noted in Edwards v. Passarelli Bros. Automotive Service, Inc., 8 Ohio St.2d 6, 221 N.E.2d 708, 25 A.L.R.3d 1087, that any attempt to plead the advance payment as set-off or counterclaim would have injected the fact of insurance into the case. It could have been made to appear as a confession of liability or offer of settlement. It would cause a breach of the usual rules of evidence as to involvement of insurance coverage in the case.

We agree with the statement made by the Ohio Court in Edwards v. Passarelli Bros. Automotive Service, supra, which is as follows:

"Further, we note both that insertion of such extraneous insurance matters would interfere with the trial and rules of evidence and that the terms of the agreement demonstrate that credit is to be applied to the judgment and not deducted from the verdict to arrive at the judgment. In view of this, defendant's only recourse is to assert his right to credit for advance payments after final judgment is rendered."

Appellant has been determined to have suffered damages in the amount of $4500. She is attempting to recover $5220 for such damages. We hold that the procedure of a post judgment motion for satisfaction provided by Title 13, Section 128, and implemented by Title 7, Sections 568–573, Code of Alabama 1940, is proper for use in securing credit for sums paid a plaintiff as advance payments by an insurer on behalf of defendants prior to judgment when such payments are paid upon agreement that they shall be credited to any settlement or judgment thereafter obtained against the insured defendants.

Judgment affirmed.

## ON REHEARING

Appellant on rehearing insists that we did not consider two of the propositions of law presented in the original brief. We did consider such propositions, but did not write to them. They were not considered as applicable to the issue to be determined.

Proposition III was that since payments were made to appellant by the defendant's insurance carrier, rather than by the insured and receipt therefor taken by the insurer, State Farm, which is not a party to the suit, credit may not be claimed by the insured for such payment.

We are unable to accept this proposition. Clearly, State Farm had no obligation to

pay appellant other than on behalf of its insured. The defendant insureds were the real parties in interest in the agreements between State Farm and appellant. It does not matter under which of its policies credit for payment is claimed, since State Farm insured both defendants who were determined by the verdict and judgment to be joint tort-feasors.

Appellant's Proposition of Law V asserts the principle of lack of right to contribution as between joint tort-feasors. We fail to see how this principle applies in this case.

Appellant on rehearing states the proposition as follows:

"In view of Alabama law which permits no right of contribution among joint tort-feasors the plaintiff is at liberty to execute against either defendant and the other defendant has no right to set off or claim a credit by way of contribution."

■ This statement is not a correct statement of the law of contribution between joint tort-feasors. This principle is only applicable to an action to enforce contributions between the joint tort-feasors. It is entirely inaccurate to say that a joint tort-feasor cannot claim credit as against the plaintiff for any sums paid her by another joint tort-feasor.

■ A plaintiff may not sue tort-feasors jointly, recover judgment against both and recover the full amount of the judgment from both. Such plaintiff may recover for her single injury, though proximately caused by joint tort, only once. If either tort-feasor pays the judgment, recovery may not be had from the other. This principle is made clear in the first paragraph of the opinion in the case cited by appellant—Gobble v. Bradford, 226 Ala. 517, 147 So. 619.

The defense of no contribution as between joint tort-feasors is available only in actions seeking such contribution between such joint tort-feasors. Gobble v. Bradford, supra.

Opinion extended—rehearing denied.