264 So.2d 195

**Eugene T. BLACK**

v.

**COMMERCIAL CREDIT CORPORATION, a Corporation.**

**I Div. 21.**

Court of Civil Appeals of Alabama.

June 21, 1972.

Matranga, Hess & Sullivan, Mobile, for appellant.

Gibbons, Stokes & Clark, Mobile, for appellee.

BRADLEY, Judge.

The appeal to this court is from the judgment of the Circuit Court of Mobile County granting a motion for a new trial.

The appellee, Commercial Credit Corporation, a corporation, filed a one count complaint against the appellant, Eugene T. Black, in the Circuit Court of Mobile County alleging a breach of a written contract. The contract was for the purchase of a 1967 Chevrolet automobile from Johnson Chevrolet in Mobile, Alabama. After consummation of the agreement between appellant and Johnson Chevrolet, the contract was assigned to appellee. Appellee says that appellant defaulted on the contract by not making the installments as agreed. Upon default, appellee repossessed the vehicle, sold it to the highest bidder at a private sale, and now attempts to recover the unpaid balance due on the contract after giving appellant proper credit for the sum due him from the sale of the automobile.

Appellant answered the complaint by filing five pleas—three of the general issue, one in recoupment for $10,000 damages, and one contending that appellee had failed to give notice of the sale of the vehicle as required by Title 7A, Section 9–504(3), Code of Alabama 1940, as Recompiled 1958.

The record is devoid of any pleadings filed in response to the pleas filed by appellant.

Trial was had before the court and a jury and a verdict was rendered in favor of appellant for $3,000 on his plea of recoupment and judgment entered accordingly.

Appellee filed a six ground motion for new trial, which was granted by the trial court without specification of the ground or grounds on which the order was based. The appeal results from the order granting the new trial.

There is only one assignment of error and that is that the trial court erred in granting a new trial.

It has been held that the general assignment of error that the trial court erred in overruling a motion for new trial is sufficient to invite review of each ground of the motion properly stated and argued in brief. In other words, a ground of a motion for new trial, in such circumstances, is to be considered a separate assignment of error for review purposes. Boudrow v. H & R Construction Co., 284 Ala. 60, 222 So.2d 154.

There were six grounds of the motion and they can be placed into three groups for error purposes, i. e., the verdict: (1) was erroneous because it was contrary to the law; (2) was contrary to the weight of the evidence; and (3) was excessive. As stated above, the trial court did not say which ground or grounds of the motion for new trial caused it to grant said motion.

Appellant argues that the grounds of the motion for new trial are mere general grounds or assignments and are therefore insufficient to support the trial court's order.

It was stated in Boudrow v. H & R Construction Co., supra, that:

" . . . A ground of a motion for new trial that the verdict was contrary to the law is not sufficient to be treated as an assignment of error."

Hence, the grounds of the motion for new trial that the verdict in favor. of appellant is contrary to law is not before us for consideration. This ground of the motion is, as appellant argued, too general to be considered.

But the other two grounds of the motion, i. e., the verdict is contrary to the weight of the evidence and is excessive, are not so general as to preclude our consideration.

The rule is well settled, as pointed out in Alabama Power Co. v. Bell, 274 Ala. 590, 150 So.2d 754, that:

"When the trial court's ruling in granting a new trial is based on no specific ground, as here, the ruling must be sustained on appeal if any good ground is presented. [Citations deleted.] When the trial court grants a motion for a new trial without specifying the grounds for the ruling, and one of the assigned grounds is that the verdict was against the weight of the evidence, this court may presume that the ruling was based on such ground and will not overturn it unless the great weight of the evidence plainly and palpably supports the jury verdict. [Citations omitted.]"

It was also stated in McCombs v. West End Baptist Hospital, 268 Ala. 291, 105 So.2d 871, where one of the grounds for a new trial was excessiveness of the verdict, and was the ground on which the new trial was granted:

" . . . the same rule of review is applicable as when a motion is granted with respect to the *right of recovery* on the ground that such right is 'not supported by the evidence, or because opposed to the clear and convincing weight of the evidence.' "

[3] We understand the rule in both instances to be that the trial court's order granting a new trial will not be reversed unless the evidence plainly and palpably supports the verdict.

The evidence in the case at bar was in sharp conflict, and after a careful consideration thereof, especially that bearing on the repossession aspect of the case, we cannot say that the trial court was plainly and palpably in error in granting a new trial. We have deliberately omitted a discussion of the evidence because we did not want our discussion of it to prejudice in any way the retrial of this case.

No reversible error having been presented to this court, the judgment appealed from is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.