280 So.2d 157

**Elizabeth Turner SEXTON**

v.

**SOUTH CENTRAL BELL, a corporation.**

**Civ. 94.**

Court of Civil Appeals of Alabama.

June 27, 1973.

Hardin & Stuart and Gary P. Smith, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

BRADLEY, Judge.

An appeal has been taken to this court from the order of the Circuit Court of Jefferson County, Birmingham Division, granting the motion for a new trial.

Complaint was filed by appellant against appellee claiming damages for the wrongful breaking and entering of her home by an employee of South Central Bell, appellee. A demurrer was filed and overruled and then a plea in short by consent, etc., was entered. Trial resulted in a verdict for appellant in the amount of $10,000, and judgment was entered accordingly. Appellee moved for a new trial. The trial court, after a hearing on the motion, entered an order in which it stated that the verdict was excessive, and if appellant would remit $5,000 of the $10,000 judgment, the motion for new trial would be overruled; otherwise the motion would be granted. The appellant refused to remit the $5,000 and a new trial was ordered. It is from this judgment that the appeal was perfected to this court.

The evidence showed that appellant owned a house at 424 19th Street South, in the City of Birmingham, Alabama on December 12, 1968, and had owned it for about fourteen years. Somewhere around September of 1968 she and her children moved in with her mother because of a breakdown in the heating system and she was financially unable to repair it at that time. The appellant stated that she took

only her family's clothes to her mother's house, leaving everything else in her own house. She even left the family's dog at her house and went by every day to feed it and check on the house.

Sometime prior to December 12, 1968 appellant testified that her telephone service had been discontinued for non-payment of the charges. On the day in question she found the sliding glass door on the patio side of the house open with marks around the lock, indicating it had been pried open. The lock was broken.

A neighbor who lived across the street testified that on December 12, 1968 a man who worked for the telephone company came to her house and asked her if she knew where the people across the street were, pointing to appellant's house. She said she did not know and he left. The next time she saw this man, he was coming down appellant's driveway toward his truck, a telephone company truck, and he had something in his arm which he put in the truck and drove away.

The telephone company serviceman testified that he went to appellant's house on the day in question, and finding no one home, went around to the patio side and found the sliding glass door ajar. He entered through this door and retrieved two telephones and left. He denied breaking the lock or jimmying the door; he said the door was open.

There is only one assignment of error, and that is directed to the granting of a new trial for excessiveness of the verdict.

Appellant argues, in effect, that the award of punitive damages is discretionary with the jury and where, as here, the bulk of the award is made up of punitive damages—the testimony showed that compensatory damages did not exceed $350—the trial court should not have interfered with the verdict by ordering a remittitur.

■ It is true that the award of punitive damages is discretionary with the jury, Birmingham Electric Co. v. Shep-

hard, 215 Ala. 316, 110 So. 604, but it is also settled that such discretion is not to be exercised by the jury arbitrarily. Southern Express Co. v. Malone, 16 Ala.App. 414, 78 So. 408, cert. den. 201 Ala. 700, 78 So. 990.

■ The trial court, on a motion for new trial asserting that the verdict is excessive has the duty of determining whether or not that discretion has been exercised arbitrarily.

In the instant case it is obvious that the trial court concluded that the verdict was excessive, for it ordered a remittitur of $5,000, or in lieu thereof, a new trial. It follows that such action by the court indicates that it is satisfied that the jury arbitrarily exercised its discretion. In making such a decision, the court could rely on its background of the case, received by listening to the witnesses testify and observing their demeanor.

In attempting to assess the correctness of the trial court's order granting a new trial for the excessiveness of the verdict, we must consider the guidelines laid down for this court to follow. These guidelines are set out by our Supreme Court in McDaniel v. Birmingham News Company, 276 Ala. 320, 161 So.2d 799, where that court said:

"The trial court granted the motion solely upon the grounds charging that the verdict was excessive.

"The sole question presented to us is whether the granting of the motion for new trial on the ground of excessiveness of the verdict was error to reverse.

"When reviewing the trial court's action in granting a new trial on the ground of excessiveness of the jury's verdict, the same rule of review is applicable as when a motion is granted with respect to the right of recovery on the ground that such right is not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. McCombs v. West End Bap-

tist Hospital, 268 Ala. 291, 105 So.2d 871.

"On appeal, this court will not reverse an order granting a new trial unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error. Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504. The rule is usually expressed that the order granting a new trial will not be reversed 'unless the evidence plainly and palpably supports the verdict' (Cobb v. Malone, 92 Ala. 630, 9 So. 738). These words mean that this court will not reverse such an order 'unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error.' Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Sansing v. Ellis, 275 Ala. 664, 158 So.2d 103; Kent v. Lindsey, 30 Ala.App. 582, 10 So.2d 54.

"The granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order will not be disturbed on appeal unless some legal right of appellant has been abused. There is a presumption that the court's discretion was properly exercised. The trial court will not be reversed unless the record plainly and palpably shows that it was in error. McCombs v. West End Baptist Hospital, supra, and cases there cited."

Our Supreme Court has also found that on appeal from an order granting a motion for new trial, the record must be construed most strongly against the appellant. King v. Scott, 217 Ala. 511, 116 So. 681.

Following these rules, we would have to find, in order to reverse the trial court in the case at bar, that the evidence plainly and palpably does not support its order. This we cannot do. Consequently the order appealed from is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.