[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 242 
This appeal consists of a consolidation of two cases, both naming Ruth Lowery Leonard, William Herschel Bray, and Robert Prescott as defendants. One suit was initiated by Joyce Carolyn Martin and the other by her husband, William E. Martin. The plaintiffs obtained judgments in the amounts of $50,000 and $3,500 respectively. No verdict was returned against Mrs. Ruth Lowery Leonard in either case. The remaining defendants brought this appeal.
On the day on which the relevant events took place Mrs. Martin was traveling south on Alabama Highway 17, following a car driven by Mrs. Vail and being followed by a car driven by Mrs. Leonard. Behind all three cars was a truck owned by defendant Prescott and driven by defendant Bray. The highway is a two-lane highway at the point at which the accident occurred. Mr. Bray proceeded to pass all three cars and continued south. As the truck pulled back into the southbound lane in front of Mrs. Vail, she applied her brakes and pulled off the road, the result of which was a three-car collision. It was her testimony that the truck cut in and forced her off the road.
A witness to the accident, Mr. Steward Frizzell, testified that he was traveling north on Highway 17 when he saw the truck approaching him in his lane. Mr. Frizzell pulled off the highway and observed the first car in the southbound lane brake and skid. He heard the resulting collision but did not see it.
Mrs. Martin received neck injuries and was subsequently treated by a Dr. Fernandez. She testified that she had medical problems with her neck prior to the date of the accident, which at that time were treated by Dr. J.G. Galbraith.
The appellants argue: that there was not a scintilla of evidence of negligent or wanton conduct since Bray never came into contact with any of the cars and was out of the way when Mrs. Martin tried to go around Mrs. Vail; that the acts of Bray could not have been the proximate cause of the plaintiff's (Mrs. Martin) injury since he could not have foreseen that the *Page 243 
Vail car would leave the road and stop, resulting in a collision of all three cars; that Mrs. Martin was contributorily negligent; that the negligence of Mrs. Leonard was an independent intervening cause insulating the defendants from liability; that the trial court erred in failing to give charges as to the defense of an intervening cause; that the trial court erred in refusing to give the requested charge as to contributory negligence; that the trial court erred in charging the jury that the plaintiff could recover for all past, present and future injuries and that the jury should not reduce the damages because of prior conditions; that the deposition testimony of Dr. Fernandez, who treated the plaintiff after the accident, and that of Dr. Galbraith, who treated the plaintiff for neck problems before the accident, were improperly admitted as the testimony of each was based upon the opinion of the other; that the trial court erred in refusing to grant the defendants' motion for reduction of judgment; that Mrs. Martin's testimony from a summary of her work record was not the best evidence of such; that the plaintiffs' counsel made improper reference to insurance; and, that the verdict and judgment in this case are excessive.
We will consider each issue in the order in which it was raised.
Was there a scintilla of evidence to justify submission of the negligence and wantonness counts to the jury? We must answer in the affirmative. A review of the evidence reveals that there was a scintilla from which the jury could find negligence and wantonness. There was evidence from which the jury could infer that defendant Bray passed all three cars without a sufficient span of road in which to do so safely under the circumstances. The evidence also reveals that he did not sound his horn prior to passing the automobiles and made no effort to pull back into the southbound lane between any of the cars. Upon arriving at a point "pretty close" to the crest of the hill he cut back into the southbound lane. The plaintiff, Mrs. Martin, and witnesses Vail, Leonard and Jones (passenger of Leonard) testified that the truck cut in front of Mrs. Vail sharply. We have said that "wantonness" can be the doing of an act which is likely to put persons in the position of danger with conscious disregard of known conditions of danger. Crockerv. Lee, 261 Ala. 439, 444, 74 So.2d 429, 434 (1954).
In determining the sufficiency of evidence to go to the jury, we of course apply the scintilla rule. The evidence, as we review it, does furnish a ". . . gleam, glimmer, spark, the least particle, the smallest trace" . . . in support of the wanton count. Kilcrease v. Harris, 288 Ala. 245, 252,259 So.2d 797, 802 (1972). Moreover, we must not disturb the jury's verdict unless we are convinced by a preponderance of the evidence that the verdict is wrong and unjust. Tallapoosa RiverElectric Coop., Inc. v. Burns, 271 Ala. 435, 124 So.2d 672
(1960). We are not so convinced in the instant case. The issue of wantonness was properly submitted to the jury.
The defendants argue that the evidence fails to show that Bray's conduct was the proximate cause of Mrs. Martin's injury, since the accident in which injuries were received was not a foreseeable result of his actions. The rule in this state ". . . is that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow . . ." Armstrong, Admr'x v. Montgomery Street Railway Co., 123 Ala. 233,249, 250, 26 So. 349, 354 (1898); Alabama Power Co. v.Bass, 218 Ala. 586, 119 So. 625 (1928); Alabama Power Co. v.Irwin, 260 Ala. 673, 72 So.2d 300 (1954). There was evidence from which the jury could find that *Page 244 
the collision and resulting injuries to Mrs. Martin were a foreseeable result of defendant Bray's conduct.
It is next contended that the negligence of Mrs. Leonard was an intervening cause, insulating the defendants from liability. In this connection, the defendants assert that the trial court erred in its refusal to give several of the defendants' requested charges relating to intervening cause. Reviewing the record, we find that the trial court gave sufficient instruction on the issue of intervening cause. ". . . The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in charges given at the request of the parties. . . ." ARCP, Rule 51. We find no error in refusing these charges,[1] and find the issue of causation properly submitted to the jury.
The defendants next find fault with a charge given to the jury at the plaintiffs' request which would permit the jury to compensate Mrs. Martin ". . . for her past, present and future disability." The defendant maintains that this statement coupled with a further instruction that the jury should not reduce the award of damages because of a prior condition could have led the jury to believe they could compensate Mrs. Martin for injuries existing at the time of the accident. Taking the oral and written charges as a whole, we find no error. The judge merely informed the jury that they could award Mrs. Martin all damages proximately resulting from defendants' negligence even if her injuries were of a more serious nature because of a pre-existing condition. Moreover, the court gave the following requested charge:
 "The Court charges the jury that the Plaintiff Joyce Carolyn Martin would not be entitled to recover damages for any condition or ailment which existed prior to the accident made the basis of this suit."
We find no error with respect to this charge.
The defendants next object to the deposition testimony of Drs. Fernandez and Galbraith allowed in over their objection. Dr. Fernandez treated the plaintiff subsequent to the accident and Dr. Galbraith treated those injuries existing prior to the accident.
Dr. Fernandez was asked, based upon the assumption that after her last surgery and prior to this accident that she was able to do her work, whether this accident was the causative factor of her present inability to work. He answered:
 "I feel the accident was the causative factor in an individual that had some pathology in the neck already. Of course, if the individual had been doing this type work and I do have a report from Dr. Galbraith saying she had a previously healed disc lesion and had been doing well. I would say this hyper-extension type injury she suffered was the one that altered the balance enough for her not to be able to do the work she had been doing."
The defendants insist this testimony is improper since it is an opinion of his patient's condition based upon an opinion of another physician, citing Clark v. Hudson, 265 Ala. 630,93 So.2d 138 (1956), and Prince v. Lowe, 263 Ala. 410,82 So.2d 606 (1955). The record, however, reveals an objection *Page 245 
to the hypothetical question only, which we consider proper. Dr. Fernandez's reference to Dr. Galbraith's opinion was not responsive to the question and would have been excluded upon proper motion. Southern Ry. Co. v. Jarvis, 266 Ala. 440,97 So.2d 549 (1957). However, ". . . The court cannot be put in error for allowing a nonresponsive answer to go to the jury when there was no motion to exclude. . . ." Howell v. Howell,210 Ala. 429, 432, 98 So. 630, 633 (1923). We find no error in the remaining questions to Dr. Fernandez. The objectionable testimony from Dr. Galbraith's deposition was excluded upon motion of the defendants. No further motion was made by the defendants, thus there is no error of which defendants can complain.
Prior to the trial, the plaintiffs were paid $2,208.10 by Mrs. Leonard's insurer, State Farm Automobile Insurance Company. This payment was made in the form of a "RECEIPT FOR EXPENSE ADVANCE" which contained the following language:
 ". . . This amount is to be credited to any final settlement or to the amount payable under our policy for any judgment which you may obtain as a result of your accident on 6-29-72 at Carrollton, Alabama."
The defendants made a motion for a reduction of judgment based on this receipt. Citing Boles v. Steel, 48 Ala. App. 268,264 So.2d 191 (1972), the defendants argue that the advance payment should have been credited against the final judgment. In Boles, the plaintiff had received an advance payment under an identical receipt from the defendant's insurer. A judgment exceeding this amount was subsequently obtained against the defendant. The Court of Civil Appeals found statutory authority for providing such a credit against a judgment via post judgment motion for satisfaction. The plaintiffs assert thatBoles is distinguishable in that the rule there applies only when there is a joint verdict against the defendants, one of whom has made an advance payment; that the principle applies only when a judgment is obtained against a defendant who has made such a payment. In both Boles and the case heavily relied upon in the Boles opinion, Edwards v. Passarelli Bros.Automotive Service, 8 Ohio St.2d 6, 221 N.E.2d 708 (1966), the defendant's insurer made advancements under a "Receipt for Advance Payment" and ultimately judgments were obtained against these defendants. The precise question becomes, therefore, may a defendant against whom a judgment is had obtain a credit on the judgment for advance payments made by a codefendant against whom a judgment was not rendered? The Court of Civil Appeals held that a credit was proper ". . . when such payments are paid upon agreement that they shall be credited to any settlement or judgment thereafter obtained against the insureddefendants." (Emphasis added) 48 Ala. App. 271, 264 So.2d 194. In Boles, there were multiple defendants involved, both of whom were insured by State Farm. The court found it unnecessary to determine against which of the policies the credit was claimed, ". . . since State Farm insured both defendants who were determined by the verdict and judgment to be joint tort-feasors." 48 Ala. App. 272, 264 So.2d 194.
The facts in the instant case differ from Boles in that (1) the facts do not reveal whether State Farm insured both defendants, and (2) the judgment is not against both defendants. We find the distinction to be controlling and thus conclude that no credit is due the defendants.
The next issue concerns testimony given by the plaintiff using a work summary to refresh her recollection. The defendants argue that the summary was not the best evidence and that the summary could not have been used to refresh her recollection. The best evidence rule cannot preclude Mrs. Martin's testimony concerning her earnings and hours worked. The contents of a writing was not in issue, *Page 246 
this was merely testimony of a non-written transaction. Sayenv. Rydzewski, 387 F.2d 851 (7th Cir. 1967); Mars v. MeadvilleTel. Co., 344 Pa. 29, 23 A.2d 856 (1942).
The defendants argue that the work summary did not meet the requirements of a memorandum to refresh recollection under our law. A review of the record, however, reveals no objection to the use of the memo to refresh Mrs. Martin's memory. The defendants, therefore, cannot now complain of error. Colburn v.Mid-State Homes, Inc., 289 Ala. 255, 266 So.2d 865 (1972). The defendants did object to the introduction of the summary and we consider its admission to be error. The rule in this state ". . . is that if the witness testifies to facts within his knowledge and memory, although refreshed by the memorandum, the memorandum is not admissible. . . ." Parsons v. State, 251 Ala. 467,478, 38 So.2d 209, 217 (1948). Yet, this court has said that when a memorandum used to refresh memory has an extensive number of items, it is proper for the memo to go to the jury, not as evidence, but as an aid to their own recollection. Floydv. Pugh, 201 Ala. 29, 77 So. 323 (1917). In the instant case, the memorandum was introduced into evidence. Injury is presumed from the erroneous admission of evidence, unless the entire record affirmatively shows the absence of such injury. Boltonv. Cuthbert, 132 Ala. 403, 31 So. 358 (1902); BirminghamRailway, Light Power Co v. Beck, 1 Ala. App. 291, 55 So. 428
(1911).
An examination of the record reveals that the witness testified as to facts within the memorandum without objection to the use of the memo to refresh her memory. The facts to which the memo attests, therefore, were already in evidence before the memo itself was admitted. In addition, we consider the rule which allows the jury the use of such a memorandum to help remember the testimony of the witness. We find that the presumption of injury is rebutted by the record and the error, therefore, is harmless.
The next issue concerns the following question propounded to Mrs. Martin: "Now between December 6, 1971 when you returned to work following your surgery and June 29th. of '72 when this accident happened were you able to do this work?" The defendants argue that this question called for a conclusion and thus invaded the province of the jury. We disagree. A lay witness may testify in Alabama as to his inability to do work.St. Louis S.F.R.R. Co. v. Savage, 163 Ala. 55, 50 So. 113
(1909).
The following statement was made by plaintiffs' counsel during closing argument: "`I don't ask you to hurt anybody and you won't. You return fair compensation to her and that is $200,000.00. You won't hurt anyone.'" There is no question but that the issue of a defendant's insurance against liability is a forbidden fact in the trial of a case, unless an exception permits its introduction. See generally Comment, EVIDENCE: REVEALING THE EXISTENCE OF DEFENDANT'S LIABILITY INSURANCE TO THE JURY, 6 Cumb.L.Rev. 123 (1975). Nor do indirect references escape the prohibition of this evidentiary rule. Thorne v.Parrish, 265 Ala. 193, 90 So.2d 781 (1956).
In the instant case, however, the objection to the statement was sustained. No motion for mistrial was made. It is the defendants' position that no motion for mistrial is necessary where such a prejudicial issue is injected into a case. The rule to which the defendants refer is found in Anderson v.State, 209 Ala. 36, 44, 95 So. 171, 179 (1922):
 "An exception to the general rule requiring appropriate objection or motion invoking corrective instruction or action by the trial court is where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party as that neither retraction *Page 247 
nor rebuke by the trial court would have destroyed its sinister influence . . ."
We are not of the opinion that the statement in the instant case is so strongly prejudicial as to be beyond cure by the trial court. We also recognize that the trial court has a great deal of latitude in determining the prejudicial effect of statements made in argument. Central of Georgia Railway Companyv. Phillips, 286 Ala. 365, 240 So.2d 118 (1970). See also:McClard v. Reid, 190 Tenn. 337, 229 S.W.2d 505, 506 (1950).
Since the statement was of such a nature that it could be and was cured by the trial court, and since no motion for mistrial was made, there is no error for this court to consider. See, e.g., Montana v. Nenert, (Mo.App. 1950), 226 S.W.2d 394, 400,401, and Logwood v. Nelson, 35 Tenn. App. 639, 250 S.W.2d 582,586 (1952).
The final argument of the defendants is that the verdict was excessive. The authority of the courts to disturb the verdict of the jury on the ground of excessiveness is to be exercised with great caution and discretion. Central of Georgia RailwayCompany v. Phillips, supra. The jury verdict will not be disturbed ". . . unless so excessive or so grossly inadequate as to indicate passion, prejudice, corruption or mistake."Montgomery City Lines v. Davis, 261 Ala. 491, 494,74 So.2d 923, 925 (1954). Additionally, where the trial court refuses to grant a new trial because of the excessiveness of the verdict, ". . . the favorable presumption attending the jury's verdict is thereby strengthened." Carlisle v. Miller, 275 Ala. 440,444, 155 So.2d 689, 692 (1963).
The evidence relating to Mrs. Martin's injuries and damages does not convince us that the verdict was excessive. There was proof of medical expenses incurred and future medical expenses are anticipated. There was also evidence that Mrs. Martin would be unable to continue her employment in the future or to engage in any similar employment; and that she could not do her normal housework. There was also evidence of wantonness, previously discussed, to justify punitive damages.
We find no error to reverse.
AFFIRMED.
HEFLIN, C.J., and MERRILL, MADDOX and JONES, JJ., concur.
[1] In addition, we note that in Alabama Pattern Jury Instructions, Civil § 33.02 (1974), the committee recommended that ". . . no `intervening or superseding causes' instruction be given." The rationale of the committee was that such an instruction would add nothing to the charge on "proximate cause" and would probably confuse the jury.