HOLMES, Judge.
This is an action on an insurance policy.
The defendant appeals contending the verdict is not supported by the evidence. We affirm.
Viewing the record with the attendant presumption of correctness, we find the following: Plaintiff is fifty-one years of age and has a history of heart disorders. He has not been employed since January, 1975.
In 1974, plaintiff purchased a motor vehicle which he financed with Ford Motor Credit Company (Ford Credit). At the time, plaintiff also purchased a contract of life and disability insurance from the defendant in the amount of the auto mortgage held by Ford Credit.
After making approximately ten monthly payments on the vehicle, plaintiff, in January, 1975, was hospitalized for two weeks due to a lower heart blockage. Prior to this hospitalization, plaintiff, in 1973, had undergone open heart surgery. After his discharge from the hospital in January, 1975, plaintiff consulted a physician, Dr. Phillip Watkins. Dr. Watkins treated plaintiff until October, 1976, at which time plaintiff terminated the relationship. Plaintiff has been unemployed since his last hospitalization and has made no further payments to Ford Credit.
Defendant, upon notification of plaintiff’s disability, made three monthly payments to Ford Credit. Defendant, however, denied further liability apparently because plaintiff’s physician signed insurance disability statements which indicated plaintiff’s total disability terminated in April, 1975.
The record further reveals that when defendant ceased making plaintiff’s monthly payments to Ford Credit, Ford Credit repossessed the vehicle and instituted an action for the balance due under its financing contract. Plaintiff in turn asserted a third party action against the defendant alleging defendant breached its duty to make payments to Ford Credit as required under the disability terms of the insurance policy. After a jury verdict and resulting judgment for plaintiff and a denial of a motion for judgment notwithstanding the verdict or a new trial, defendant appealed.
Defendant, in a well reasoned brief, maintains that it is liable to plaintiff under the terms of the disability policy only where plaintiff is disabled and because there was no evidence at trial that plaintiff was disabled after April, 1975, the jury’s verdict was plainly erroneous. Specifically, defendant contends that the only evidence on the issue of plaintiff’s disability was the uncon-troverted testimony of plaintiff’s physician who stated that plaintiff was not disabled after April, 1975. Defendant further argues that because this expert testimony was uncontroverted, the jury was not at liberty to disregard it as it apparently did. We do not agree.
At the outset we observe that jury verdicts are presumed correct and this presumption is further strengthened when the trial court, as here, refuses to grant a new trial on the ground that the verdict is against the weight of the evidence. Walker v. Cardwell, Ala., 348 So.2d 1049 (1977); Hogan v. Alabama Power Co., Ala.Civ.App., 351 So.2d 1378, cert. denied, Ex parte Hogan, Ala., 351 So.2d 1388 (1977). On appeal, the appellate court must review the tendencies of the evidence most favorable to the prevailing party allowing such inferences as the jury was free to draw. Walker, supra.
It is well settled in Alabama that the opinion testimony of an expert witness is not binding on the jury unless (1) such testimony concerns a subject which is exclusively within the knowledge of experts and (2) the testimony is uncontroverted. Dyer v. Traeger, Ala., 357 So.2d 328 (1978). As discussed below, the expert testimony in this case was not on a subject exclusively within the knowledge of experts and, further, our review of the record indicates that it was controverted.
It is rudimentary that if the matter at issue is not solely within the knowledge of experts, then a lay witness’s testi *810 mony on the subject is competent for the jury’s consideration. For example, and dis-positive of the instant issue, it has long been held in Alabama that, inasmuch as a person’s inability to do work is not a matter solely within an expert’s knowledge, a lay witness may testify to his inability to work. Prescott v. Martin, Ala., 331 So.2d 240 (1976); St. Louis & S F R Co. v. Savage, 163 Ala. 55, 50 So. 113 (1909). See also Gamble, McElroy’s Alabama Evidence § 128.10(4) (3rd ed. 1977). Where, as here, the lay witness so testifies, it is within the province of the jury to weigh his testimony against that of the expert’s opinion and the jury is not bound solely by the expert’s testimony.
The record in this instance reveals that while plaintiff’s evidence on his inability to work due to a disability is less than overwhelming, there is testimony over which reasonable minds might differ on the existence of a disability. After testifying about his open heart surgery in 1973, and the subsequent hospitalization in January, 1975, for the lower heart blockage, plaintiff stated the following:
“Q. During this time that you were going back to see Dr. Watkins, did you work anywhere?
“A. No, sir.
“Q. Since January 9, 1975, have you worked anywhere?
“A. No, sir.”,
and later:
“Q. Have you placed any restrictions upon yourself?
“A. What kind of restrictions do you mean?
“Q. I am talking about of what you can do and what you can’t do.
.“A. I have tried to do a lot of things, and I just can’t do them.”
On redirect, plaintiff testified:
“Q. Let me ask you this: Have you worked anywhere since January of 1975?
“A. No, sir, all I can do is get up the doorsteps.
“Q. Are you still having any difficulty with your heart?
“A. Yes, sir.
“Q. What kind of difficulty are you having?
“A. Pain in my chest.
“Q. You are taking medication?
“A. Right.”
The above --testimony concerning plaintiff’s inability to work, i. e., disability, when considered with his health history is sufficient to create a jury question as to whether plaintiff was disabled after April, 1975.
Because the expert’s opinion in this case was controverted and concerned a subject not solely within the knowledge of experts, it was not binding on the jury. Dyer, supra. Thus, we find no error in the verdict rendered below, clothed as it is with the attendant presumption of correctness. Walker, supra.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.