WRIGHT, Presiding Judge.
The issue in this case is whether the trial court abused its discretion in ordering a new trial on the ground that the jury’s verdict was excessive.
This cause arose out of the sale of a home owned jointly by Paul John Taormina, Jr., appellant herein, and his former wife, Sandra Lee Taormina.[1] The home was listed for sale with James C. Mathews d/b/a James C. Mathews Realty Company, appel-lee herein, at a price of $24,500. Betty J. and Otis Moore[2] signed a contract to purchase the home for $26,500. The price was adjusted for certain repairs. Simultaneously, Mr. Taormina bought the Moore’s mobile home,[3] which was also listed for sale through Mr. Mathews. Mr. Mathews arranged financing for Mr. Taormina on the mobile home, the sale was completed and Mr. Taormina received a bill of sale. The model year on the UCC-1 filed by the bank and the installment sales contract was 1973, but the bill of sale said 1971. Mr. Taormina testified that the mobile home was represented by Mr. Mathews to be a 1973 model. There was also evidence that the sales price was $4,700 instead of $6,700. The sale of the home was never closed, although occupied by the Moores. The Taorminas never executed a deed to the Moores.
The Taorminas brought suit against Betty J. Moore, the estate of Otis Moore, and James C. Mathews d/b/a James C. Mathews Realty Company. Betty J. Moore in-terpleaded money into court to pay for the home. She received a register’s deed to the property. The United States of America, which held a first mortgage on the home through the Farmer’s Home Administration, was awarded that money. Mrs. Moore assigned all her rights and claims against Mr. Mathews to the Taorminas, and was dismissed from the suit with prejudice. Various counterclaims and cross claims by the parties are not involved here.
We are concerned here with the claim of Mr. Taormina against defendant James C. Mathews, d/b/a James C. Mathews Realty Company only. The jury was instructed on breach of contract, legal fraud, misrepresentation, deceit, and punitive damages. The jury returned a verdict in favor of Taormina for $10,000. Mathews moved for new trial, including the ground of excessive damages. The court found the verdict to be excessive by $6,500, and denied new trial conditioned on Taormina’s acceptance of a remittitur in that amount. Taormina did not accept the remittitur,[4] thus precipitating the grant of a new trial. Taormina appeals.
The grant or refusal of a new trial is largely in the discretion of the trial court *979 and will not be disturbed on appeal unless some legal right of the appellant has been abused. Sexton v. South Central Bell, 50 Ala.App. 450, 280 So.2d 157 (1973); McCombs v. West End Baptist Hospital, 268 Ala. 291, 105 So.2d 871 (1958). The grant of a new trial is clothed with a presumption of correctness. Central of Georgia Railway Co. v. Steed, 287 Ala. 64, 248 So.2d 110 (1971). Despite these general rules, a verdict should only be set aside for excessiveness when it is so excessive that it demonstrates bias, passion, prejudice, corruption or other improper motive or cause on the part of the jury. See, Lowe v. General Motors Corp., 624 F.2d 1373 (5th Cir. 1980). “The authority vested in courts to disturb a jury verdict on the ground of excessiveness should be exercised with great caution.” Stringfellow v. Rambo, 277 Ala. 349, 170 So.2d 494 (1965).
We find nothing in this record to indicate that the jury’s verdict was based on bias, prejudice, passion or corruption. There was evidence, if believed by the jury, to support Taormina’s claim of legal fraud and deceit with punitive damages. See Ex parte Lewis, 416 So.2d 410 (Ala.1982). See also, Ex parte Smith, 412 So.2d 1222 (Ala.1982). The jury was charged as to punitive damages without objection and there is no specific challenge to such damages in the post-trial motion. Punitive damages are left to the discretion of the jury. There is no set measurement of such damages. New trial or remittitur should not be ordered simply because in the opinion of the court the jury gave too much. Shiloh Construction Co. v. Mercury Construction Corp., 392 So.2d 809 (Ala.1980).
In view of the evidence at trial, and especially the element of punitive damages, we find that the trial court abused its discretion in remitting the jury verdict and in ordering new trial.
This cause is due to be reversed and judgment entered according to the verdict of the jury.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.

. Mrs. Taormina was a plaintiff in this action, received a separate verdict, but accepted a re-mittitur from the trial court, and is not involved in this appeal.

. Mr. Moore died prior to this suit.

. The testimony was disputed as to whether the sale of the home and the mobile home were separate. There was evidence that the mobile home was taken as a “trade-in.”

. Mrs. Taormina accepted a remittitur of $800, leaving her verdict at $2,551.