CHAMBERS, APPELLANT, *v.* PINSON, APPELLEE.

(No. 8111—Decided April 26, 1966.)

*Mr. George E. Tyack* and *Mr. Thomas M. Tyack,* for appellant.

*Mr. Thomas Bopeley* and *Mr. Roy F. Martin,* for appellee.

DUFFEY, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County for the defendant-appellee. The judgment was rendered upon a jury verdict for the defendant-appellee.

Appellant was a passenger in an automobile driven by appellee. Both are residents of Ohio. While appellee was driving in Kentucky with appellant as a passenger, the back wheels of the automobile dropped off the road surface as the car rounded a curve. The hard surface of the road was higher than the berm— or at least a depression existed. In the process of returning the car to the hard surface, appellee lost control, the car left the road a second time and turned over.

Both parties and the trial court have assumed that Kentucky law applies under conflict doctrines. On the facts of record, we have no reason to challenge that assumption. In the course of the general charge, the court commented to the jury:

"* * * I might say that this happened in Kentucky. Had it happened in Ohio there would be no liability because we have a law in Ohio that precludes anybody, who is a guest in an automobile, from recovering against the driver for the driver's negligence and no liability unless the driver is willfully and wantonly guilty of—guilty of willful and wanton misconduct, which of course was not in this case. This happened in Kentucky, so that we are governed by the laws of Kentucky, which have no guest statute like we have in Ohio."

The Ohio law was, of course, irrelevant. Being inconsistent with the applicable law, its insertion into the charge was confusing.

The court charged on the doctrine of sudden emergency. A request was made to expand on this by also charging that if appellee's negligence caused the emergency, then the doctrine did not apply. The only emergency possible on the facts would be the effect of the "lip" on the road surface. Since the facts presented an issue as to negligence in leaving the surface the first time, the instruction if given at all should have been qualified as requested. Failure to do so was error.

Appellee had liability insurance which contained so-called medical payment coverage, i. e., providing for payment of medical expenses to one injured in an accident regardless of the named insured's liability. Appellant received $1,000 under that

provision. The court instructed the jury that in determining any compensation they should deduct from the medical expenses the $1,000 already received from appellee's insurance company.

There is a split of authority on whether such payments come within the collateral source doctrine. Among the cases holding that medical payments under such provisions are not a collateral source, see *Yarrington* v. *Thornburg* (Superior Court, Delaware), 198 A. 2d 181, affirmed (Delaware Supreme Court, 1964), 205 A. 2d 1; *Dodds* v. *Bucknum* (1963), 214 Cal. App. 2d 206; *Tart* v. *Register* (1962), 257 N. C. 161, 125 S. E. 2d 754. Cases holding that such payments are within the collateral source doctrine include: *Severson, Admr.,* v. *Milwaukee Automobile Ins. Co.* (1953), 265 Wis. 488, 61 N. W. 2d 872; *Long* v. *Landy* (1951), 35 N. J. 44, 171 A. 2d 1. See, also, *Petteys, Admr.,* v. *Bullard, Reagan & Stafford, Inc.* (1945), 269 App. Div. 919, 57 N. Y. Supp. 2d 548.

In our opinion, the better doctrine is that such payments should be credited to the appellee against a judgment to the extent that the judgment includes expenses paid for under the appellee's policy. It is the appellee whose insurance produces the payment, and the source is therefore her act, not that of the appellant. It is not in fact a payment from a collateral source, but one created by the appellee.

The credit is to be applied by the court to the judgment, and not deducted from the verdict to arrive at the judgment. We believe that the proper procedure is to ask by a post-judgment motion for a credit toward satisfaction of the judgment. Such a procedure will prevent any interference with the trial by insertion of extraneous insurance matters. It will also prevent interference with a review of the verdict on motion for new trial or on appeal. To permit the jury to include the credit in arriving at a general verdict would deny knowledge as to the total award made. Indeed, in cases such as this one, it could even hide the actual determination of the liability where the jury had set the compensation at an amount less than the credit. Additional complications would arise in determining disputes as to the amount paid or the amount of allowable expenses.

It might be noted that the credit is only applicable to items covered by the insurance provision. Difficulties thus could arise in applying the credit in cases involving general verdicts,

or where the amount paid arguably exceeds the expenses proved. However, these questions are not before us in this case.

In our opinion, the court was correct in concluding that the medical payment was to be credited to the appellee, but erred in submitting the matter to the jury.

The judgment of the Common Pleas Court is reversed, and the cause is remanded for further proceedings.

*Judgment reversed.*

DUFFY, J. (Presiding), and TROOP, J., concur.