6

EDWARDS, APPELLANT, v. PASSARELLI BROS. AUTOMOTIVE SERVICE, INC., APPELLEE.

(No. 39941—Decided November 30, 1966.)

8

Mr. *Leo Waldman*, for appellant.
Messrs. *Pfau, Pfau & Comstock*, Messrs. *Arter, Hadden, Wykoff & Van Duzer*, Mr. *William E. Pfau, Jr.*, Mr. *Thomas V. Koykka* and Mr. *William A. Kyler*, for appellee.

MATTHIAS, J. The instant case presents a problem that is novel to Ohio and, perhaps, as counsel for defendant suggests, to the entire country. In essence, plaintiff is attempting to recover $11,574.25 from a $10,000 judgment.

Here, plaintiff has received $1,574.25 from defendant's insurer and has signed a receipt therefor. The receipt is clear and unambiguous. It states that a certain sum has been paid on behalf of a named person for alleged damages resulting from a certain accident and that such sum is to be credited to any final settlement or judgment won by the receiver of such certain sum. These terms are self-explanatory. Should there be no final settlement or judgment, nothing remains to be done, and the receiver of such sum has benefited by that amount. However, should a final settlement occur between the parties, or should the issue proceed through the courts to final judgment, then a sum equal to the advance payment is to be credited to such final settlement or judgment.

On its face, nothing herein seems difficult. Plaintiff, however, now seeks to benefit from the advance payments he has received, ignore the receipt he has signed and benefit again from the judgment rendered in his favor.

At the outset, we note that the very terms of the "Receipt for Advance Payment" create no right in defendant or his insurer until the existence of "any final settlement or judgment." That being so, defendant or his insurer has no existing right until the occurrence of such an event, and the provisions of the counterclaim statute, Section 2309.16, Revised Code,

prohibit defendant from asserting any such right not already in existence at the time of the trial of this cause. In short, defendant could not assert a right to credit for advance payments at the trial of this cause because prior to final judgment therein no such right existed. Thus, plaintiff's argument that the principle of *res judicata* controls defendant's attempt to obtain credit for advance payments has no application to the case at hand. Further, we note both that insertion of such extraneous insurance matters would interfere with the trial and rules of evidence and that the terms of the agreement demonstrate that credit is to be applied to the judgment and not deducted from the verdict to arrive at the judgment. In view of this, defendant's only recourse is to assert his right to credit for advance payments after final judgment is rendered.

The question remains whether the proper procedure is to ask by a postjudgment motion for a credit toward satisfaction of the judgment. We hold that it is. See *Chambers* v. *Pinson*, 6 Ohio App. 2d 66. It is the standard procedure in Ohio for the party who is entitled to an entry of satisfaction of a judgment rendered against him to obtain an order for such entry on motion and proof of payment. We see no distinction between this procedure and the case at hand.

In conclusion, we hold that where an advance payment is made to a possible tort-claimant upon condition that such payment is to be credited to the amount of any final settlement or judgment in favor of such tort-claimant, such sum may be credited to any such final settlement or judgment; and, if judgment is rendered, the proper procedure is to ask by postjudgment motion for a credit toward satisfaction of the judgment.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.