DRIVE-N-SHOPPE, INC., APPELLANT,
*v.* PAVLIK, APPELLEE.

(No. 11-126 — Decided
August 11, 1986.)

*Lucal, Pfefferle & McGookey* and *Kevin J. Baxter,* for appellant Drive-N-Shoppe, Inc.

*William A. Harwood,* for appellee John T. Pavlik.

LYNCH, J. Plaintiff is appealing the May 30, 1985 judgment of the Court of Common Pleas of Lake County which sustained defendant's motion for judgment on the pleadings.

Plaintiff, Drive-N-Shoppe, Inc., owns and operates a drive-thru carry-out store located in Wickliffe, Ohio. On or about June 29, 1983, plaintiff hired defendant to manage its Wickliffe store. Defendant managed the store until December 31, 1983, when he resigned.

On April 3, 1984, defendant filed a complaint against plaintiff for unpaid compensation arising out of the employment relationship. Shortly thereafter, defendant accepted a settlement check for $1,513.16 from plaintiff in settlement of the case. Despite the alleged settlement, defendant pursued his action for compensation and obtained a default judgment against plaintff for $8,288.24 on May 30, 1984.

Plaintiff did not appeal the default judgment, but on June 13, 1984, filed a motion to vacate judgment. The motion was denied. Five days after the judgment entry denying plaintiff's motion to vacate, plaintiff filed a request for oral hearing, which the court also denied.

On June 29, 1984, plaintiff filed a motion to reconsider the judgment. This motion was also denied.

Plaintiff appealed the judgment denying its motion to vacate, which judgment this court affirmed in an opinion filed June 21, 1985.

On December 24, 1984, plaintiff filed the present action against defendant. In this complaint, plaintiff alleged that defendant breached his settlement agreement in that he pursued the action filed against plaintiff for unpaid compensation. The complaint also alleged that defendant perpetrated a fraud in securing the default judgment against plaintiff.

Defendant filed an answer to plaintiff's complaint on January 8, 1985. On April 8, 1985, defendant filed a motion for judgment on the pleadings, requesting that the case be dismissed. The trial court's judgment which dismissed plaintiff's complaint pursuant to Civ. R. 12(B)(1) and (6) is the subject of this appeal.

Plaintiff's only assignment of er-

ror is that the trial court erred when it dismissed the present case.

The only case pertinent to the issue in this case, that either side cited to this court, is *Edwards* v. *Passarelli Bros. Automotive Service, Inc.* (1966), 8 Ohio St. 2d 6, 37 O.O. 2d 298, 221 N.E. 2d 708, which arose out of an automobile accident. Prior to trial, defendant's insurer paid plaintiff's hospital bill amounting to $1,574.25. Plaintiff signed a "Receipt for Advance Payment" in which he agreed that the $1,574.25 would be credited to the total amount of final settlement or judgment in his favor. Plaintiff's case went to trial which resulted in a verdict for plaintiff in the sum of $10,000 against defendant. Defendant paid the sum of $8,493.09 into the office of the clerk of the court of common pleas, which represented the amount of judgment in full with interest and costs less the advance payment of $1,574.25, and filed a motion for an order of satisfaction of judgment which the trial court sustained. The court of appeals affirmed the decision of the trial court and the Supreme Court affirmed the decision of the court of appeals.

In the *Edwards* case, the Supreme Court stated, in pertinent part, as follows:

"The instant case presents a problem that is novel to Ohio and, perhaps, as counsel for defendant suggests, to the entire country. * * *
"* * *

"On its face, nothing herein seems difficult. Plaintiff, however, now seeks to benefit from the advance payments he has received, ignore the receipt he has signed and benefit again from the judgment rendered in his favor.

"At the outset, we note that the very terms of the 'Receipt for Advance Payment' create no right in defendant or his insurer until the existence of 'any final settlement or judgment.' That being so, defendant or his insurer has no existing right until the occurrence of such an event, and the provisions of the counterclaim statute, Section 2309.16, Revised Code, prohibit defendant from asserting any such right not already in existence at the time of the trial of this cause. In short, defendant could not assert a right to credit for advance payments at the trial of this cause because prior to final judgment therein no such right existed. Thus, plaintiff's argument that the principle of *res judicata* controls defendant's attempt to obtain credit for advance payments has no application to the case at hand. Further, we note * * * that the terms of the agreement demonstrate that credit is to be applied to the judgment and not deducted from the verdict to arrive at the judgment. In view of this, defendant's only recourse is to assert his right to credit for advance payments after final judgment is rendered.

"The question remains whether the proper procedure is to ask by a postjudgment motion for a credit toward satisfaction of the judgment. We hold that it is. See *Chambers* v. *Pinson*, 6 Ohio App. 2d 66. It is the standard procedure in Ohio for the party who is entitled to an entry of satisfaction of a judgment rendered against him to obtain an order for such entry on motion and proof of payment. We see no distinction between this procedure and the case at hand.

"In conclusion, we hold that where an advance payment is made to a possible tort-claimant upon condition that such payment is to be credited to the amount of any final settlement of judgment in favor of such tort-claimant, such sum may be credited to any such final settlement or judgment; and, if judgment is rendered, the proper procedure is to ask by postjudgment motion for a credit toward satisfaction of the judgment." *Id.* at 8-9, 37 O.O. 2d at 299-300, 221 N.E. 2d at 710-711.

Plaintiff cites the *Edwards* case as authority that the settlement check did not represent an existing right until defendant obtained a default judgment against it; while defendant cites the *Edwards* case as authority that the proper procedure to follow in the instant case was a postjudgment motion for credit toward satisfaction of subject judgment.

We hold that there is such a difference between the facts of the *Edwards* case and those of the instant case as to make such case inapplicable to the instant case. In the *Edwards* case, the parties were aware that there might be a completed trial and made a specific provision that the sum paid on behalf of the defendant would be credited to the final judgment. In the instant case the settlement check given by plaintiff was intended to terminate the lawsuit so that there would be no further action in such lawsuit. However, defendant accepted the proffered settlement check, and, in addition, obtained a default judgment against plaintiff. There was no intention on the part of the plaintiff that such settlement check would apply to the judgment in the instant case as in the *Edwards* case, but that there would be no judgment in the instant case.

The ultimate goal of our system of law is justice. In the instant case, it appears that plaintiff relied on a settlement check to defendant and defendant took advantage of plaintiff and obtained a default judgment against it. Such judgment was a breach of the settlement agreement between plaintiff and defendant. This agreement did not contemplate any further legal action in the pending lawsuit. We hold that plaintiff is entitled to a legal remedy under the facts of this case and that the only feasible legal remedy under the facts of this case is its complaint in this action for breach of a contract for settlement. Therefore, we sustain plaintiff's assignment of error.

The judgment of the trial court is reversed and the cause is remanded for further proceedings pursuant to law.

*Judgment reversed
and cause remanded.*

HOFSTETTER, P.J., and FRANKLIN, J., concur.

LYNCH, J., retired, of the Seventh Appellate District, HOFSTETTER, P.J., retired, of the Eleventh Appellate District, and FRANKLIN, J., retired, of the Court of Common Pleas of Lucas County, sitting by assignment.