**SEREDA, Appellant,**

v.

**SZOGLE, a.k.a. Sogol, Appellee.**

[Cite as *Sereda v. Szogle* (1992), 71 Ohio App.3d 497.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62139.

Decided March 16, 1992.

*Anthony J. Touschner,* for appellant.

*Thomas Repicky,* for appellee.

———

KRUPANSKY, Judge.

The appeal *sub judice* involves the collection and disputed satisfaction of a cognovit judgment rendered more than a decade ago.

Plaintiff-appellant Vera Sereda[1] filed the underlying complaint January 15, 1980 on a non-interest bearing demand cognovit note in the principal amount of $20,000 against the maker defendant-appellee Petro Szogle. The trial court granted judgment on the note together with interest at the statutory rate the same day.

The record demonstrates the trial court issued two certificates of judgment approximately five years apart during the next decade, although it is not clear whether any efforts to collect on the judgment were made. The action remained dormant until September 20, 1990 when Vera Sereda's daughter Switlana Pulym filed an assignment of the underlying cognovit judgment to her from her mother with the trial court.

The trial court subsequently issued another certificate of judgment January 25, 1991 which Pulym used to commence attachment of defendant Szogle's bank account in Cleveland Municipal Court case No. 91–CVH–02760. It appears defendant Szogle's bank account balance of approximately $40,000 was held by the municipal court pending resolution of the parties' dispute concerning satisfaction of the judgment in the common pleas court.

On February 21, 1991 defendant Szogle filed a document captioned "Satisfaction of Judgment" with the common pleas court purportedly executed by Vera Sereda May 21, 1990, four months prior to the September 20, 1990 assignment of the cognovit judgment to Pulym. Szogle and Pulym filed conflicting medical reports and affidavits concerning whether Sereda had sufficient mental capacity to validly execute the "Satisfaction of Judgment" or whether the document was procured involuntarily by fraud or undue influence. Pulym contends Sereda subsequently attempted to repudiate the "Satisfaction of Judgment" after executing it.

Szogle filed a Civ.R. 60(B)(4) motion for relief from the underlying cognovit judgment in the common pleas court March 1, 1991 with an accompanying affidavit based upon the "Satisfaction of Judgment" and his claim the judgment had been satisfied. The common pleas court denied defendant's Civ.R. 60(B)(4) motion and scheduled a hearing for May 1, 1991 in an entry journalized April 10, 1991.[2]

---

1. The record demonstrates Sereda remains designated as plaintiff in this action and her judgment assignee daughter and purported guardian, Switlana Pulym, were never substituted for Sereda individually or as guardian pursuant to Civ.R. 25. Pulym has likewise not demonstrated she has been properly appointed by a court as guardian for Sereda.

2. Defendant's appeal from this order filed May 13, 1991 in court of appeals case No. 61800 was dismissed by this court June 14, 1991.

On May 1, 1991 the common pleas court made the following entry which was subsequently journalized May 9, 1991:

"Judgment satisfied on 2–21–91. D's motion to vacate Denied."

No transcript of the hearing was made. The record indicates notice was issued to the parties and no appeal was taken by either party within the time specified by App.R. 4(A).

On May 23, 1991 Pulym filed a "Motion to Strike Satisfaction of Judgment From the File" which the common pleas court denied in an entry journalized July 3, 1991. However, the common pleas court lost jurisdiction June 10, 1991 and Pulym's motion to strike did not toll the time for filing an appeal under App.R. 4(A). Pulym subsequently filed a notice of appeal July 19, 1991 from the July 3, 1991 journal entry raising two assignments of error.[3]

■ Prior to considering the merits of the parties' respective arguments, this court must determine whether or not it possesses jurisdiction over this appeal. We find the court lacks jurisdiction to consider the merits of this appeal since the trial court's satisfaction of judgment entry became a final appealable order more than thirty days prior to Pulym's filing of her notice of appeal and Pulym's motion to strike did not toll this period. App.R. 4(A); *State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 35, 564 N.E.2d 86, 88 (citing *Pitts v. Dept. of Transportation* [1981], 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105).

The trial court recognized the underlying cognovit judgment had been satisfied in the following entry journalized May 9, 1991:

"Judgment satisfied on 2–21–91. D's motion to vacate denied."

Rather than appealing from this final appealable order of denial of defendant's Civ.R. 60(B) motion and satisfaction of judgment entry, Pulym filed a motion to strike the "Satisfaction of Judgment" document which supported the trial court's determination the judgment had been satisfied. The trial court denied the motion by the following entry journalized July 3, 1991:

"Motion to strike 'satisfaction of judgment' from file is denied. This court finds that the satisfaction is proper and as such is valid under the requirements for terminating a judgment entered on the court's journal."

Pulym's notice of appeal concerns the July 3, 1991 order denying her motion to strike the "Satisfaction of Judgment" and not the trial court's prior May 9, 1991 order recognizing the judgment had been satisfied. However, the trial court's entry of a satisfaction of judgment is a final appealable order. *Gerber*

---

3. The two assignments of error are set forth in the Appendix.

*v. Gospich* (Nov. 7, 1991), Cuyahoga App. No. 60832, unreported, 1991 WL 232136. Pulym's arguments concerning whether or not the trial court correctly entered the satisfaction of judgment should have been raised on direct appeal. *Id.;* see, also, *Edwards v. Service, Inc.* (1966), 8 Ohio St.2d 6, 37 O.O.2d 298, 221 N.E.2d 708.

■ Under the circumstances, Pulym's motion to strike amounts to nothing more than a motion for reconsideration of the May 9, 1991 judgment determining the judgment had been satisfied. Such motions are a nullity and an improper substitute for a timely appeal. *State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County, supra,* 56 Ohio St.3d at 35, 564 N.E.2d at 88.

Accordingly, since Pulym did not file a timely appeal from the trial court's May 9, 1991 satisfaction of judgment entry, this court lacks jurisdiction and we dismiss this appeal.

*Judgment affirmed.*

DYKE, P.J., and FRANCIS E. SWEENEY, J., concur.

APPENDIX

Assignments of Error

"I. The trial court erred in not striking appellee's purported 'satisfaction' from the files and docket of this cause because the undisputed evidence established that such satisfaction was involuntarily executed due to incapacity or undue influence.

"II. The trial judge abused his discretion in failing to hold an evidentiary hearing on the voluntariness and validity of the alleged satisfaction in this cause."