COFFMAN, Appellee,

v.

**PHILLIPS, Appellant, et al.**

[Cite as *Coffman v. Phillips* (1997), 120 Ohio App.3d 453.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–97–03.

Decided July 17, 1997.

*Kennedy, Purdy, Hoeffel & Gernert* and *Paul E. Hoeffel*, for appellee.

*Sauter, Hohenberger & Beddow* and *Wayne P. Hohenberger*, for appellant.

HADLEY, Judge.

Defendant-appellant, Tod Phillips, appeal the judgment entry of the Seneca County Common Pleas Court denying his motion for an order for satisfaction of judgment.

On May 15, 1993 Tod Phillips, while driving his vehicle, struck a vehicle driven by plaintiff–appellee, Todd Coffman. Coffman sustained personal injuries and property damage as a result of this incident. At the time of the incident, Phillips had liability insurance with State Farm Mutual Automobile Insurance Company ("State Farm"). Prior to trial, State Farm advanced Coffman $2,137.50 to assist him with payment of his medical bills and wage loss he sustained as a result of the incident. In exchange for the advance of the expenses, Coffman signed a receipt indicating that the advance was "to be credited to any final settlement or to the amount payable under [State Farm's] policy for any judgment which [Coffman] may obtain" as a result of the incident with Phillips.

On July 12, 1996 a jury for the Seneca County Common Pleas Court returned a verdict in favor of Coffman and awarded him damages for his personal injuries in the amount of $22,266.03. The court filed the judgment entry in this case on July 30, 1996 confirming the verdict for Coffman and against Phillips.

On October 2, 1996, Phillips filed a motion with the trial court requesting that an order for satisfaction of judgment be entered in the case. Contemporaneously with the filing of the motion, Phillips proffered a check to the court for $20,128.53. The check represented payment on the verdict less the amount previously paid to Coffman as part of the expense advance for wage loss and medical expenses. The trial court, in addition to taxing Phillips with additional court costs which had accrued, denied Phillips's motion for an order for satisfaction of judgment. The basis of the court's decision to deny Phillips's motion was that he was not entitled to reduce the amount payable to Coffman for the advanced expenses received prior to trial. The court stated that "because [Phillips] did not plead the affirmative defense of 'payment' or 'release'" he was therefore precluded from attempting to assert the defense.

This appeal follows with Phillips asserting one assignment of error.

"The trial court erred in overruling the appellant's motion for an order of satisfaction of judgment because appellant is entitled to deduct monies advanced to the appellee. The advance payments were the subject of receipt for expense advance."

Phillips contends that the Ohio Supreme Court's decision in *Edwards v. Passarelli Bros. Automotive Serv., Inc.* (1966), 8 Ohio St.2d 6, 37 O.O.2d 298, 221 N.E.2d 708 controls the resolution of the present dispute. In *Edwards,* the court stated that "[w]here an advance payment is made to a possible tort-claimant upon condition that such payment is to be credited to the amount of any final settlement or judgment in favor of such tort-claimant, such sum shall be credited to any final judgment in a hearing upon a motion for an order for satisfaction of judgment." *Id.* at paragraph two of the syllabus.

Coffman contends that *Edwards* is no longer controlling authority since the decision was reached prior to the adoption of and is inconsistent with the Ohio Civil Rules of Procedure. Specifically, Coffman maintains that Civ.R. 8(C) required Phillips to raise the affirmative defense of payment before judgment and that his failure to do so constitutes a waiver of the defense under Civ.R. 12(G). The trial court adopted Coffman's position in overruling Phillips's motion for satisfaction of judgment.

We reverse the judgment of the Seneca County Common Pleas Court. The court in *Edwards* stated that to obtain credit for advance payments to the tort claimant, the tortfeasor must file a postjudgment motion requesting credit toward satisfaction of the judgment. *Id.* at 9, 37 O.O.2d at 299–300, 221 N.E.2d at 710–711; see *Chambers v. Pinson* (1966), 6 Ohio App.2d 66, 68, 35 O.O.2d 163, 164–165, 216 N.E.2d 394, 395–396. The requirement to file a postjudgment motion requesting credit for advanced payments has withstood the adoption and implementation of the Ohio Rules of Civil Procedure. See *Drive–N–Shoppe, Inc. v. Pavlik* (1986), 33 Ohio App.3d 149, 150, 514 N.E.2d 917, 918–919; *Cincinnati Ins. Co. v. Porter* (1989), 61 Ohio Misc.2d 116, 119, 575 N.E.2d 522, 523–524.

In the present case, Phillips filed a postjudgment motion requesting that the court enter an order of satisfaction of judgment. As part of the motion, Coffman stated that under the authority of *Edwards,* he was entitled to credit for the advanced expenses made to Phillips. Although the motion is not titled as a motion for credit for the advanced payments, Coffman argued that he was entitled to credit for the advances. Additionally, a check for the judgment amount less the advanced payments was submitted with the motion. During oral argument before the court on the issue of credit for payments received, Phillips admitted that he signed the receipt for advanced payments and that payments were received. Therefore, we find that the court improperly denied Phillips's motion for satisfaction of judgment.

This decision is factually and legally distinguishable from *Blackwell v. Internatl. Union, U.A.W. Local No. 1250* (1984), 21 Ohio App.3d 110, 21 OBR 117, 487 N.E.2d 334. Coffman cited *Blackwell* for the proposition that Phillips did not properly raise the affirmative defense of payment and therefore waived the right to receive credit for advanced payment. In *Blackwell,* the Eighth District Court of Appeals had to determine the amount of pension benefits a union had to pay the widow of the union's employee. *Id.* at 110, 21 OBR at 118, 487 N.E.2d at 336. The issue of prior payment was directly before the court. Specifically, the court had to determine whether receipt of money from a severance fund three years earlier acted to reduce the amount of money payable to the widow from a retirement fund. The union failed to allege in its answer or other responsive pleading the affirmative defense of prior payment. Thus, the court held that "the

union * * * waived partial payment as a defense to the full damages awarded by the trial court." *Id.* at 111, 21 OBR at 119, 487 N.E.2d at 337. The appellate court affirmed the trial court's decision to deny the union a deduction for claimed earlier payments. *Id.* at 110, 113, 21 OBR at 118, 120, 487 N.E.2d at 336, 338.

*Blackwell* differs from the present case in that in the present case the issue of prior payment was not directly before the court. The primary issue before the trial court in the present case was the alleged negligence of Phillips. State Farm's advanced payment to Coffman for damages he sustained was a collateral issue. The issue was not one requiring Phillips or State Farm to plead it as an affirmative defense. As stated above, case law demonstrates that the issue of credit for prior payment is one that is dealt with by the trial court following judgment. To find otherwise could result in the issue of liability insurance coverage of the alleged tortfeasor being brought before the jury. Such a result is impermissible under the circumstances of this case.

As we found earlier, Phillips followed the proper procedure for receiving credit for expenses advanced to Coffman. With adequate evidence before the trial court to determine the amount of expenses advanced, the court incorrectly denied Phillips's motion for satisfaction of judgment. The judgment of the Seneca County Common Pleas Court is reversed, and it is hereby ordered that any outstanding amount of the verdict be reduced by $2,137.50, the amount of the advanced expenses.

*Judgment reversed.*

SHAW and THOMAS F. BRYANT, JJ., concur.