DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-appellants, E. Keith Thompson, his wife Dolores, and their daughter Crystal (collectively referred to as the "Thompsons"), have appealed a judgment of the Lorain County Court of Common Pleas, that granted appellees credit toward satisfaction of a prior judgment. This Court affirms.
 I.
The facts in this case are not in dispute. On November 17, 1996, David Elbert caused an automobile accident. Crystal Thompson, a minor at the time, was a passenger in Elbert's car and was injured. Nationwide Insurance Company ("Nationwide"), Elbert's automobile liability insurer at the time of the accident, paid the Thompsons $10,993.06 for medical bills Crystal incurred as a result of the accident. Subsequently, an adjuster for Nationwide offered to pay the Thompsons a lump sump for the full and final settlement of their claims. The Thompsons refused the offer and filed suit. The matter was set for arbitration.
During the arbitration, the Thompsons presented a detailed arbitration package, which included the medical bills previously paid by Nationwide. The panel returned an award of $19,500.00 in favor of the Thompsons. The trial court entered judgment for the Thompsons in the amount of $19,500.00.
In an attempt to satisfy the judgment on behalf of Elbert, Nationwide tendered a check payable to the Thompsons in the amount of $8,506.94 — the difference between the arbitration award and the monies Nationwide previously paid. Nationwide also presented the Thompsons with a release. The Thompsons refused to sign the release or accept the check.
Consequently, Elbert filed a motion in the trial court entitled "Motion to Enforce Judgment and/or Other Relief as the Court Deem's [sic] Best." The Thompsons responded by requesting the trial court to enforce the $19,500.00 arbitration award. Following a hearing on the matter, the trial court found that Elbert was entitled to a setoff for the previously paid medical bills and that therefore, the Thompsons were only entitled to $8,506.94 for satisfaction of the award.
The Thompsons have timely appealed and have asserted two assignments of error, which will be addressed concurrently as they raise similar issues of law and fact.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO ENFORCE JUDGMENT TO THE EXTENT OF FINDING THAT THE PLAINTIFF-APPELLANTS WERE ENTITLED TO ONLY $8,506.94 TO SATISFY THE $19,500.00 JUDGMENT IN THIS CASE.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REDUCING THE JUDGMENT ENTERED AFTER [sic] ARBITRATION AWARD FROM WHICH NO APPEAL WAS TAKEN.
The Thompsons aver that the trial court erred in holding that Elbert was entitled to credit for advanced payments made. This Court disagrees.
First, the Thompsons argue that Civ.R. 8(C) required Elbert to raise the affirmative defense of "payment" before judgment, and his failure to do so constitutes a waiver of such defense under Civ.R. 12(G). Second, the Thompsons assert that even if Elbert was not required to plead the advanced payments as an affirmative defense, the trial court was still prohibited from crediting the payments because, according to Edwards v.Passarelli Bros. Automotive Serv., Inc. (1966), 8 Ohio St.2d 6, the proper procedure was to ask by postjudgment motion for credit toward satisfaction, and Elbert "simply asked to enforce the Court's judgment[.]" Finally, and despite their previous contention that a request for credit for advanced payments must be made by postjudgment motion, the Thompsons insist that because Elbert did not appeal the arbitration award, he waived his right to request credit for advanced payment made.
In Edwards, the Ohio Supreme Court held that:
 where an advance payment is made to a possible tort-claimant upon condition that such payment is to be credited to the amount of any final settlement or judgment in favor of such tort-claimant, such sum may be credited to any such final settlement or judgment; and, if judgment is rendered, the proper procedure is to ask by postjudgment motion for credit toward satisfaction of the judgment.
Edwards, supra, at 9, citing Chambers v. Pinson (1966), 6 Ohio App.2d 66. The court noted that otherwise, "the insertion of such extraneous insurance matters would interfere with the trial and rules of evidence[.]"
The Chambers court explained that:
 The credit is to be applied by the court to the judgment, and not deducted from the verdict to arrive at the judgment. We believe that the proper procedure is to ask by a post-judgment motion for a credit toward satisfaction of the judgment. Such a procedure will prevent any interference with the trial by insertion of extraneous insurance matters. It will also prevent interference with a review of the verdict on motion for new trial or on appeal. To permit the jury to include the credit in arriving at a general verdict would deny knowledge as to the total award made. Indeed, in cases such as this one, it could even hide the actual determination of the liability where the jury had set the compensation at an amount less than the credit. Additional complications would arise in determining disputes as to the amount paid or the amount of allowable expenses.
Chambers, supra, at 68.
 The Third Appellate District addressed arguments almost identical to those herein, in the factually similar case of Coffman v. Phillips (1997), 120 Ohio App.3d 453. Phillips caused an automobile accident which injured Coffman. Prior to the case going to trial, Phillips' liability insurer advanced Coffman money to assist him with payment of his medical bills. A jury returned a verdict in favor of Coffman, and the court entered judgment to that effect. Phillips filed a postjudgment motion with the trial court requesting an order for satisfaction of judgment, and proffered a check to the court in the amount of the judgment minus the monies previously paid. Coffman argued that Civ.R. 8(C) required Phillips to raise the affirmative defense of "payment" before judgment, and his failure to so do constituted a waiver of such defense under Civ.R. 12(G). The trial court denied Phillips' motion on the basis that Phillips had not plead the affirmative defense of "payment" or "release," and was therefore precluded from bringing such claim. Id.
The Third District, noting that Phillips' motion had not been titled as a "motion for credit for the advanced payments," reversed the trial court. Citing Edwards, supra, at 9, the court held "that to obtain credit for advance payments to the tortclaimant, the tortfeasor must file a postjudgment motion requesting credit toward satisfaction of the judgment." Id. at 455.
This Court finds that the trial court did not err in crediting Elbert for the $10,993.06 that had been paid to the Thompsons by Nationwide on Elbert's behalf. To hold otherwise would permit the Thompsons to benefit from a windfall.
Accordingly, the Thompsons' first and second assignments of error are overruled, and the judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR