[Cite as *1st Natl. Fin. Servs. v. Ashley*, 2016-Ohio-5497.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 1st National Financial Services, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-18 |
| v. | : | (M.C. No. 2015 CVF 013668) |
| Stacia Ashley, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 23, 2016

**On brief:** *The Legal Aid Society of Columbus,* and *Scott E. Torguson*, for appellant. **Argued:** *Scott E. Torguson.*

**On brief:** *Kevin O'Brien & Associates,* and *Kevin O'Brien,* for appellee. **Argued:** *Kevin O'Brien.*

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} This appeal arises from a judgment on a cognovit promissory note in favor of plaintiff-appellee, 1st National Financial Services ("1st National"). Defendant-appellant, Stacia Ashley ("Ashley"), argues that, because the note arose from a consumer loan, the trial court lacked subject-matter jurisdiction to enter judgment against her under R.C. 2323.13(E). For the following reasons, we reverse and remand.

I. Factual and Procedural Background

{¶ 2} 1st National filed a complaint against Ashley on April 27, 2015, with an attached cognovit promissory note evidencing a debt in the amount of $1,423.70 at zero percent interest. (Apr. 27, 2015 Compl. on Cognovit Promissory Note.) The complaint alleged that a balance of $1,073.70 remained outstanding. (Promissory Note at 2.) The terms of the note stated that Ashley had authorized "any attorney at law to appear in any

court of the State of Ohio * * * and confess a judgment in favor of the legal holder" of the note. (Promissory Note at 4.) An answer was filed simultaneously with the complaint. (Apr. 27, 2015 Answer.) It was signed by an attorney on Ashley's behalf and invoked the warrant of attorney in the cognovit note as grounds for representing her. Three days later, the clerk entered a judgment entry entitling 1st National to $1,073.70, plus interests and costs. (Apr. 30, 2015 Jgmt. Entry.) The trial court subsequently ordered the garnishment of Ashley's wages to satisfy the debt.

{¶ 3} With the assistance of new counsel, Ashley filed a motion to vacate the judgment entry on September 9, 2015. In an attached affidavit, Ashley stated that 1st National had previously sued her for a payday loan that she had obtained in order to pay household bills. (Ashley Aff. at ¶ 2-6.) Accordingly to Ashley, she had "discussed settlement" with 1st National's attorney prior to a hearing, and, at his office, had been "handed a form to sign regarding settlement of the case." (Ashley Aff. at ¶ 2-3.) She claimed that she signed the form not knowing what a cognovit note was, and that she had never owned a business or represented to 1st National's attorney that she needed a business loan. (Ashley Aff. at ¶ 5, 8, 10.) Because R.C. 2323.13(E) states that any cognovit note "arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant," Ashley argued that the trial court did not have jurisdiction to enforce the cognovit note, and it should therefore vacate the judgment.

{¶ 4} 1st National filed a memorandum in opposition to the motion to vacate, with an attached affidavit signed by its attorney, Kevin O'Brien. O'Brien stated that Ashley had come to him several days before the trial date in her payday loan case, seeking to avoid having a judgment entered against her. (O'Brien Aff. at ¶ 5.) He suggested that she sign a cognovit note:

> I told Ms. Ashley that the only other option I could think of to resolve the case and avoid a judgment was to have her sign a cognovit promissory note, but that she could only sign the note if the loan proceeds from the Plaintiff were used for a business purpose; I do not know why Ms. Ashley applied for a loan with the Plaintiff or what the loan proceeds were used for[.]

(O'Brien Aff. at ¶ 7.)

{¶ 5}   O'Brien also asserted that Ashley had never stated to him that the funds from the original payday loan had been "for family and household purposes," as her affidavit stated. *Id.* According to O'Brien, he had "emphasized to Ms. Ashley that the [cognovit] note could not be used in connection with a 'consumer transaction,' " and she had indicated that she understood its terms before signing it. (O'Brien Aff. at ¶ 7-9.)

{¶ 6}   Ashley filed a motion to stay the garnishment on November 17, 2015. On November 23, 2015, 1st National filed a notice captioned "Satisfaction of Judgment," stating that the judgment had been satisfied as of November 20, 2015.

{¶ 7}   Citing the satisfied judgment, the trial court overruled all pending motions as moot in an entry dated December 11, 2015.

{¶ 8}   Ashley filed a notice of appeal on January 11, 2016. She asserts a single assignment of error:

> The Trial Court Erred by Denying Ms. Ashley's Motion To Vacate, As It Did Not Have Subject Matter Jurisdiction To Enter Judgment On A Consumer Cognovit Note.

{¶ 9}   Ashley argues that her original payday loan unquestionably arose from a consumer loan because 1st National's attorney "pushed" her to sign the cognovit note in order to satisfy the original debt. (Appellant's Brief at 8-9.)  Because the cognovit note arose from a consumer loan, the trial court was without jurisdiction under R.C. 2323.13(E) to enter judgment against her. (Appellant's Brief at 9-12.) Ashley also argues that the satisfaction of judgment did not render her appeal moot because the trial court was without jurisdiction to enter judgment against her in the first place. (Appellant's Brief at 13-14.)

{¶ 10} 1st National attacks Ashley's appeal on a number of grounds. It argues: (1) that the January 22, 2016 notice of appeal was untimely filed because it had to have been filed within 30 days of the date that 1st National filed the notice of satisfaction of judgment, which was November 23, 2015; (2) because the judgment was satisfied, Ashley's appeal is moot; (3) the cognovit note did not arise out of a consumer transaction because it arose from a settlement of the previous lawsuit between the parties; and (4) Ashley is equitably estopped from denying that that the cognovit note loaned her money for a commercial purpose because she stipulated to that purpose in the language of the

note. (Appellee's Brief at 10-34.) 1st National has also raised its jurisdictional arguments in a motion to dismiss filed on January 15, 2016.

{¶ 11} Because 1st National's first argument concerns our jurisdiction to hear this appeal, we will address it before reaching Ashley's assignment of error.

## II. Jurisdiction under App.R. 4(A)

{¶ 12} 1st National argues that Ashley filed an untimely appeal, and we therefore lack jurisdiction under App.R. 4(A). According to 1st National, the 30-day time limit to appeal under App.R. 4(A) began to run on November 23, 2015, the day that it filed its satisfaction of judgment. Because Ashley did not file the notice of appeal until January 11, 2016, 1st National argues that it was untimely, and because the time limit is jurisdictional, 1st National believes the appeal must be dismissed for a lack of jurisdiction. (Appellee's Brief at 10-12.)

{¶ 13} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district" within which they reside. Ohio Constitution, Article IV, Section 3(B)(2). "Every final order, judgment, or decree of a court * * * may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." R.C. 2505.03(A). "Pursuant to Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2505.03, appellate courts have jurisdiction to review only final orders, judgments, or decrees." *Sadraoui v. Hersi*, 10th Dist. No. 10AP-849, 2011-Ohio-3160, ¶ 6. Under App.R. 4(A), a party may appeal from "an order that is final upon its entry" by filing a timely notice of appeal. The rule defines "entry" or "entered" as "when a judgment or order is entered under Civ.R. 58(A) or Crim.R. 32(C)." App.R. 4(D). Relevant here is Civ.R. 58(A), which states that "upon a decision announced, * * * the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal."

{¶ 14} 1st National's argument relies on the erroneous premise that its satisfaction of judgment constituted a final appealable order of the trial court. However, the satisfaction of judgment was not an order, final or otherwise, of the trial court. It was merely a notice filed by one party, 1st National, to apprise the trial court that the

judgment had been satisfied. *See* Satisfaction of Judgment (stating "[a]ll interested parties will take note that on/about November 20, 2015, the Defendant satisfied the Plaintiff's judgment"). Such a unilateral action by one party in no way comports with the concept of a final appealable order under the Ohio Constitution, Article IV, Section 3(B)(2) or R.C. 2505.03(A). Both state that a final appealable order must be an order "of" a court, not a party. The definition in Civ.R. 58(A) reinforces the court's exclusive and active role in preparing judgment, which, after being entered by the clerk, constitutes a final appealable order under App.R. 4(A). No source vests a litigant with the authority to create a final appealable order.

{¶ 15} To support its argument, 1st National cites *Steven L. Neal v. Beer & Wine Emporium*, 10th Dist. No. 94APE12-1795 (Sept. 5, 1995), in which we noted that "[i]t has been consistently held that a satisfaction of judgment is a final appealable order from which a direct appeal must be taken within the time prescribed by App.R. 3." However, in both *Neal* and the cases it cites, the "satisfaction of judgment" was an entry from an order of the trial court, not a notice filed by a party. *Id.* at 3 (stating that after "defendant filed a 'notice of deposit of funds,' " the trial court "issued a 'Satisfaction of Judgment Entry' "); *Sereda v. Szogle*, 71 Ohio App.3d 497 (8th Dist.1992) (after "defendant Szogle filed a document captioned 'Satisfaction of Judgment,' " a subsequent entry by the trial court in which it "recognized [that] the underlying cognovit judgment had been satisfied" constituted the final appealable order, not a later denial of defendant's motion to vacate under Civ.R. 60(B)).

{¶ 16} Like the *Sereda* defendant, 1st National filed a document captioned "Satisfaction of Judgment," but this document might have been more appropriately captioned "Notice of Satisfaction of Judgment." In both *Neal* and *Sereda*, the final appealable order was the trial court's entry acknowledging that the judgment had been satisfied. Here, the trial court's December 11, 2015 entry overruling Ashley's motion to vacate acknowledged the filing of the satisfaction of judgment. This entry constituted the final appealable order for the purpose of this appeal. Ashley filed the notice of appeal on January 11, 2016. Because 30 days from December 11, 2015 ended on Sunday, January 10, 2016, Ashley's time to appeal ran "until the end of the next day," as allowed by App.R. 14(A). Accordingly, her appeal is timely, and we have jurisdiction over this appeal.

{¶ 17} 1st National further asserts that, in the absence of any order by the trial court, an attorney for a judgment creditor may "issue" a Satisfaction of Judgment that starts the "appellate clock running" for the debtor, reasoning as follows:

> A satisfaction of judgment may be issued by the Plaintiff's Counsel who has received a defendant-debtor's payment in full. Indeed, it is a rare case when a trial court issues a satisfaction of judgment because the trial court generally has no independent knowledge of the payment of a debt by a defendant to the creditor's counsel. It is hornbook law in Ohio that an attorney who has recovered a judgment for his client has authority to receive payment and give or enter satisfaction of the judgment.

(Appellee Brief at 11.)

{¶ 18} 1st National has culled the proposition it describes as "hornbook law in Ohio" from a treatise citing *Union Bank of Georgetown v. Geary*, 30 U.S. 99 (1831), a United States Supreme Court case in which a bank disputed whether the scope of its attorney's authority encompassed inducing a debtor to confess judgment. *Geary* recognized that "[t]he general authority of the attorney does not cease with the entry of the judgment. He has at least a right to issue an execution, although he may not have the right to discharge such execution without receiving satisfaction." *Id.* at 113. *Geary* concerns an attorney's scope of authority when attempting to satisfy a judgment on behalf of a client, and is irrelevant to the question of how a party or its attorney may obtain an entry of satisfaction of judgment under Ohio law.

{¶ 19} Syllabus law from the Supreme Court of Ohio provides the answer: "A party who is entitled to an entry of an order of satisfaction of a judgment previously rendered against him may obtain an order for such entry *on motion* and proof of payment." (Emphasis added.) *Edwards v. Passarelli Bros. Auto. Serv., Inc.*, 8 Ohio St.2d 6 (1966), paragraph one of the syllabus. Thus, if a trial court lacks "independent knowledge of the payment of a debt," as 1st National asserts is often the case, it is incumbent upon the creditor to move the court for such an order and demonstrate satisfaction of the judgment. (Appellee Brief at 11.)  *Edwards* describes this as "the standard procedure in Ohio" for obtaining an entry of an order of satisfaction of judgment from the trial court. *Edwards* at 9. In spite of 1st National's assertion, courts and litigants appear to be aware of the *Edwards* procedure. *See, e.g., Resolution Trust Corp. v. GSW Assoc.*, 10th Dist. No.

91AP-1084 (Mar. 24, 1992) (affirming a trial court's entry of satisfaction of judgment and stating that a guarantor had "properly followed the procedure set forth in *Edwards*" when it "filed a motion for satisfaction of judgment" after the application of proceeds from a foreclosure sale); *Beck v. Mar Distribs. of Toledo*, Lucas C.P. No. G-4801-CI-200906201-000 (Sept. 16, 2015) (applying *Edwards* and overruling defendant's motion for an entry of satisfaction of judgment after determining that defendant had presented insufficient evidence of payment).

{¶ 20} In short, a party cannot usurp a trial court's authority to enter a final appealable order by filing a notice that a judgment has been satisfied. Once the trial court has acknowledged the satisfaction of judgment by entry of a final appealable order, the 30-day time limit in App.R. 4(A) begins to run. Although 1st National failed to file a motion seeking an entry of satisfaction of judgment, the trial court nevertheless acknowledged the judgment's satisfaction in its entry of December 11, 2015, and Ashley timely appealed on January 11, 2016. Because Ashley's appeal was timely filed, we reject 1st National's argument that we lack jurisdiction. Given that 1st National raised the same argument in its January 15, 2016 motion to dismiss, the motion is denied. Having dispensed with 1st National's challenge to our jurisdiction, we turn to the merits of the appeal.

## II. Standard of Review

{¶ 21} Ashley argues that the trial court lacked subject-matter jurisdiction to enter judgment against her on the cognovit note. "The existence of subject matter jurisdiction is a question of law, which appellate courts review de novo." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 9, citing *Parrish v. Ohio Real Estate Comm.*, 10th Dist. No. 05AP-313, 2005-Ohio-6375, ¶ 12.

## III. Analysis

{¶ 22} "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176 (1972). Thus, the maker of a cognovit note waives the due process rights afforded to the debtor sued on a typical promissory note. *Id.* at 187 (holding that a debtor had "voluntarily, intelligently, and knowingly

waived the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences" when signing a cognovit note, and such instruments are "not, *per se*, violative of Fourteenth Amendment due process"); *see also Sky Bank v. Colley*, 10th Dist. No. 07AP-751, 2008-Ohio-1217, ¶ 7 (observing that "it is axiomatic that the purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of trial"). Although cognovit notes "may well serve a proper and useful purpose in the commercial world," the severe consequences of default make them unsuitable for consumer transactions. *D.H. Overmyer Co.* at 187.

{¶ 23} Indeed, the General Assembly forbids the use of a warrant to confess judgment against a consumer: "A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant." R.C. 2323.13(E). Construing this statute, the Supreme Court of Ohio observed that:

> A warrant of attorney to confess judgment which has as its basis a consumer transaction is rendered wholly invalid by operation of R.C. 2323.13 (E). More significantly, a common pleas court lacks jurisdiction to render judgment upon a warrant of attorney pursuant to R.C. 2323.13 where the relationship giving rise to the claim for relief involves a consumer transaction.

*Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988).

{¶ 24} The statute provides the following definition of "consumer loan":

> "Consumer loan" means a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose. The term "consumer loan" includes the creation of debt by the lender's payment of or agreement to pay money to the debtor or to a third party for the account of the debtor; the creation of a debt by a credit to an account with the lender upon which the debtor is entitled to draw; and the forebearance of debt arising from a consumer loan.

R.C. 2323.13.(E)(1).

{¶ 25} Strict compliance with the statute is required to properly obtain judgment on a cognovit note. *Huntington Natl. Bank* at ¶ 9 ("A trial court does not have subject

matter jurisdiction to enter judgment on a cognovit note unless the party seeking the judgment complies with all of the requirements of R.C. 2323.13.").

{¶ 26} In *Shore W. Construction Co. v. Sroka*, 61 Ohio St. 3d 45, 48 (1991), the Supreme Court of Ohio vacated a judgment based on a cognovit note against defendants who had taken out the loan in order to purchase a home, holding that such a loan fell squarely within the statute's definition of a "debt incurred [] primarily for a personal, family, educational, or household purpose." Because the "undisputed facts" showed that the loan qualified as a consumer loan under the statute, it was "unnecessary to remand the case for an evidentiary hearing on the elements of R.C. 2323.13(E)(1)." *Id.* at 49.

{¶ 27} Here, in contrast, the parties dispute whether the loan in question qualified as a "consumer loan" under R.C. 2323.13(E)(1). The trial court's entry was silent on the issue, and instead overruled Ashley's motion to vacate as moot. *Shore W. Construction Co.* suggests that the proper procedure to follow when the parties contest whether the cognovit note arose from a "consumer loan" is to hold an evidentiary hearing and make a determination on the issue. *Id. See also Agarwal v. Matthews*, 8th Dist. No. 96950, 2012-Ohio-161, ¶ 10 (remanding for an evidentiary hearing, "the appropriate course" under *Shore W. Construction Co.*, where there had been "no finding as to whether or not the loan underlying the present cognovit note constituted a consumer loan"). The resolution of this issue is a prerequisite to determining the trial court's subject-matter jurisdiction to enter judgment on the cognovit note. Thus, we reverse the trial court's order and remand with instructions to hold an evidentiary hearing to determine whether or not the cognovit note in question arose out of a consumer loan by applying the definition in R.C. 2323.13(E)(1). If the trial court ultimately determines that the note Ashley signed arose from a consumer loan, it must vacate the cognovit judgment because it had "no jurisdiction to render a judgment based upon such a warrant." R.C. 2323.13(E).

{¶ 28} Finally, we reject 1st National's argument that the satisfaction of judgment renders Ashley's appeal moot. "A judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*." *Patton* at paragraph three of the syllabus. If the trial court lacked jurisdiction over this matter from its inception, the satisfaction of the judgment did not render her appeal moot. Rather, the judgment will have been a nullity from the time of its entry, regardless of any subsequent payment Ashley made to 1st National. Moreover,

the relief that Ashley seeks is to vacate the judgment entry. 1st National is undoubtedly aware that the stigma of the judgment troubles Ashley apart from the debt, as the affidavit of its own attorney describes the concern she expressed about having a judgment entered against her. 1st National's other arguments, which characterize the cognovit note as a "settlement" and assert that the language of the cognovit note equitably estops Ashley from denying that she signed it for a commercial purpose, will be more appropriately addressed by the trial court when considering whether or not the debt arose from a "consumer loan" under R.C. 2323.13(E)(1).

{¶ 29} In conclusion, we sustain the assignment of error in part and overrule it in part. We sustain it insofar as we find that the trial court erred by dismissing Ashley's motions as moot without examining whether it had subject-matter jurisdiction to enter judgment against her. However, we overrule the assignment of error insofar as it asserts that the trial court lacked such jurisdiction. As discussed, we cannot make such a determination on the record before us. Accordingly, we reverse the order of the trial court and remand with instructions to hold an evidentiary hearing. The trial court must determine whether the cognovit note arose out of a "consumer loan," as defined under R.C. 2323.13(E)(1) and, in turn, whether it had jurisdiction under R.C. 2323.13(E) to enter judgment on the cognovit note.

*Appellee's motion to dismiss denied and judgment reversed; cause remanded.*

DORRIAN, P.J. and SADLER, J., concur.

————————————————