SADLER, J., dissenting.
 

 {¶ 17} I do not believe the trial court committed reversible error when it denied Ashley's motion to vacate the judgment for lack of subject-matter jurisdiction. Accordingly, I would overrule Ashley's assignment of error and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.
 

 {¶ 18} Under R.C. 2323.13(E)"[a] warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant." In
 
 1st Natl. Fin. Servs. v. Ashley
 
 , 10th Dist. No. 16AP-18,
 
 2016-Ohio-5497
 
 ,
 
 2016 WL 4441810
 
 , ¶ 29, this court reversed the judgment of the trial court and remanded the case for the trial court to "determine whether the cognovit note arose out of a 'consumer loan,' as defined under R.C. 2323.13(E)(1) and, in turn, whether it had jurisdiction under R.C. 2323.13(E) to enter judgment on the cognovit note."
 

 {¶ 19} The decision and entry of the trial court, on remand from this court, provides in relevant part as follows:
 

 Having weighed the evidence adduced at the hearing, and considered the credibility of the witnesses, the Court finds that Defendant has failed to meet its burden, as the movant, to prove by a preponderance of the evidence that the loan underlying this case was a "consumer loan" as defined by R.C. 2323.13(E)(1). In light of the lack of detail regarding what she used the loan money for, the Court finds
 
 Defendant's various general assertions that the loan was for personal and household purposes to lack credibility
 
 .
 

 (Emphasis added.) (Aug. 15, 2017 Decision at 3.)
 

 {¶ 20} The majority concludes the trial court erred when it determined Ashley, as the moving party, had the burden to prove that the loan underlying the cognovit note was a "consumer loan" as defined in R.C. 2323.13(E)(1). I agree with the majority's conclusion on this point. Under Ohio law, "[o]nce the existence of subject-matter jurisdiction has been challenged, the burden of establishing jurisdiction rests on the party asserting it."
 
 McDaniel v. Phelps
 
 , 1st Dist. No. C-010744,
 
 2003-Ohio-41
 
 ,
 
 2003 WL 70599
 
 , ¶ 6, citing
 
 Collins v. Hamilton Cty. Dept. of Human Servs.
 
 , 10th Dist. No. 01AP-1194,
 
 2002 WL 433671
 
 (Mar. 21, 2002),
 
 jurisdictional motion overruled
 
 ,
 
 96 Ohio St.3d 1440
 
 ,
 
 2002-Ohio-3344
 
 ,
 
 770 N.E.2d 1049
 
 . This court, in
 
 Collins,
 
 noted that "[i]t has been consistently held that once the existence of subject matter jurisdiction has been challenged, the burden of establishing it always rests on the party asserting jurisdiction."
 

 Id.,
 

 quoting
 
 Linkous v. Mayfield,
 
 4th Dist. No. CA1894,
 
 1991 WL 100358
 
 (June 4, 1991).
 

 {¶ 21} Though I agree with the majority that the trial court misapplied the burden of proof when it placed the burden on Ashley to establish the lack of trial court jurisdiction, I do not agree the trial court's error warrants reversal in this case given the trial court's express determination that Ashley's testimony was not credible. As set out above, the trial court made a determination that "[Ashley's] various general assertions
 that the loan was for personal or household purposes * * * lacks credibility." (Aug. 15, 2017 Decision at 3.)
 

 {¶ 22} It is axiomatic that a reviewing court must be guided by the presumption that factual findings made by the trier of fact are correct.
 
 Seasons Coal Co. v. Cleveland
 
 ,
 
 10 Ohio St.3d 77
 
 ,
 
 461 N.E.2d 1273
 
 (1984). The trier of fact is best able to view the witnesses and make observations as to their demeanor, gestures, and voice inflection and use these observations to judge the credibility of the testimony.
 

 Id.
 

 See also
 

 Complete Gen. Constr. Co. v. Ohio Dept. of Transp.
 
 ,
 
 94 Ohio St.3d 54
 
 , 62,
 
 760 N.E.2d 364
 
 (2002) (In a case tried to the court, without a jury, the reviewing court erred when it "rejected the trial court's characterization of [a] witness's testimony on this issue and inserted its own.");
 
 J & H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.
 
 , 10th Dist. No. 12AP-588,
 
 2013-Ohio-3827
 
 ,
 
 2013 WL 4779008
 
 , ¶ 95 ("Whether [appellant's] equipment remained on the job site because of [appellee's] delay was a question of fact, and such matters are best left to the trier of fact.").
 

 {¶ 23} Given the trial court's credibility determination, the only credible evidence submitted to the trial court was that of appellee's counsel who testified that appellee informed him that the loan was for commercial purposes. Thus, the only credible evidence in the record supports the trial court's finding that the instrument executed on or after January 1, 1974 did not arise out of a consumer loan or consumer transaction. This being the case, the only conclusion supported by the evidence presented at the hearing is that the trial court did have jurisdiction to render a judgment based upon the warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974.
 

 {¶ 24} Errors that do not affect substantial rights must be disregarded by a reviewing court.
 
 Stanley v. Ohio State Univ. Med. Ctr.,
 
 10th Dist. No. 12AP-999,
 
 2013-Ohio-5140
 
 ,
 
 2013 WL 6157232
 
 , ¶ 91 ; Civ.R. 61 ; R.C. 2309.59. Because the only credible evidence in the record supports the trial court's denial of Ashley's common law motion to vacate the judgment, any trial court error with regard to the burden of proof could not have affected a substantial right of Ashley. On this record, it is not possible for Ashley to obtain a different result by remanding the matter for the trial court to correctly allocate the burden of proof as there was no credible evidence to support a finding that the underlying loan was a consumer loan or transaction.
 

 {¶ 25} For the foregoing reasons, I would hold the trial court did not commit reversible error when it denied Ashley's motion to vacate judgment. Accordingly, I would overrule Ashley's assignment of error and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.